Blattmacher *v.* Saal.

BERTHA BLATTMACHER *vs.* JOHN A. SAAL, sometimes called JOHN SAUER.

A complaint, in an action for a breach of promise of marriage, alleged that the plaintiff being sole and unmarried, and competent to contract to marry, and the defendant representing himself to be sole and unmarried, and competent to contract to marry, the latter, in consideration of the plaintiff's promise to marry him, promised the plaintiff to marry her. It then averred that the plaintiff, confiding in such representation and promise, continued, and still was, unmarried; and that she had no knowledge or information to lead her to believe, that the promise and representations of the defendant were false or fraudulent; and it averred that the said representations were false and fraudulent, and made with the intention to deceive; that the defendant then was, and still continues to be, a married man; and that his promise to marry was fraudulent, and to the plaintiff's damage.

*Held* that the complaint stated sufficiently the defendant's promise to marry, and his representation that he was unmarried, and competent to marry the plaintiff; and that it was unnecessary to allege that he knew his representation to be untrue.

*Held also,* that the complaint set forth a good cause of action; that if the plaintiff could not recover for the deceit and damage, she might, upon the contract and promise to marry, which implied and involved a promise and agreement that the defendant was competent, legally, to marry.

APPEAL by the defendant, from a judgment of the city court of Brooklyn. The complaint alleged that on or about the 1st day of May, 1857, the plaintiff, being then sole and unmarried, and competent to contract to marry, and the defendant representing himself to be sole and unmarried, and competent to contract to marry, and also representing

Blattmacher *v.* Saal.

his name to be John Sauer, did, in consideration of the promise of the plaintiff to marry said defendant, then faithfully promise to marry the plaintiff; and that the plaintiff, confiding in said representations and promise, hath from that time to this remained, and still is, sole and unmarried. That the plaintiff had no knowledge, or information sufficient to form a belief, that any of said representations of the defendant were false, or that said promise of the defendant to marry the plaintiff was fraudulent, at the time of the making of said mutual promise to marry. The plaintiff further alleged that the said representations of the defendant were false, and made with the intention to deceive and injure the plaintiff; the real name of said defendant being John A. Saal, and that he then was, for many years had been, and still is, a married man; and that the promise by said defendant to marry the plaintiff was fraudulent, and to the injury and damage of the plaintiff to the amount of ten thousand dollars, for which sum the plaintiff demanded judgment against the defendant, together with the costs of the action.

To this complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled by the city court, on argument; and no answer having been put in, judgment was ordered for the plaintiff, and her damages were assessed by a sheriff's jury at $5000

*G. Miller,* for the appellant.

*Gordon L. Ford,* for the respondent.

*By the Court,* EMOTT, J. This complaint states sufficiently the promise to marry by the defendant, and his representation that he was unmarried, and competent to marry the plaintiff. It was obviously unnecessary to allege that he knew this representation to be untrue, when he is alleged to have been in

fact married. It then avers that the plaintiff, confiding in this representation and promise, continued, and still is, unmarried, and that she had no knowledge or information to lead her to believe that the promise and representation of the defendant were false or fraudulent, and it avers a breach of the defendant's representation and promise, and damages.

This is a good cause of action, and if the plaintiff cannot recover for the deceit and damage—a question on which it is not necessary to express an opinion at present—she certainly may upon the contract and promise to marry, which implied and involved a promise and agreement, that the defendant was competent legally to marry. It is said that the performance of the agreement was impossible and illegal. But this was unknown to the plaintiff, and her agreement was not illegal. It was to marry the defendant, if he was, and believing him to be, unmarried. It cannot be possible that she may not recover the damages which she has sustained in consequence of having innocently made this engagement, and remained unmarried to perform it. The parties are not in *pari delicto,* and the defendant must restore the plaintiff to what she has lost by his deceit, and his promise to do what he could not legally perform.

What he agreed to do was not an act illegal in itself. If it had been, no action could have been maintained upon the promise. But he promised to do an act which it was unlawful for him to consummate with the plaintiff, only because he was legally disqualified from doing it; and this was unknown to the plaintiff.

There are two cases in the English courts directly in point, *Wild* v. *Harris,* (7 *C. B.* 999,) and *Millward* v. *Littlewood,* (1 *Eng. L. & E.* 408.) The reasoning of the Barons of the Exchequer in the latter case, particularly the opinion of Baron Parke, is entirely satisfactory to us.

The judgment of the city court must be affirmed; but the defendant may withdraw his demurrer, and put in an answer

within ten days after notice of the filing of the remititur, on payment of all the costs since the demurrer. The judgment may stand as security.

