## DRYDEN v. KNOWLES.

INSTRUCTION TO JURY.—*Breach of Marriage Contract.*—On the trial of an action for breach of a marriage contract, where the evidence did not tend to show any fraud in the making of the contract or in its violation, the court instructed the jury as follows: "If the marriage contract and its breach by the defendant have been proved to your satisfaction in this case, and if you further believe from the evidence in the case that the element of fraud mingles in this controversy, as an ingredient in the act of the defendant, either in making the marriage contract with the plaintiff or in violating or breaking that contract, then you may award to the plaintiff, in addition to the actual loss sustained by her, such exemplary damages as shall tend to prevent a repetition of the injury, and to punish the defendant."

*Held*, that though the instruction stated a correct principle of law, yet, under the evidence, it was erroneous.

APPEAL from the Howard Circuit Court.

GREGORY, C. J.—This was an action for the breach of a marriage contract. The appellant, the defendant below, answered by the general denial. A trial by a jury resulted in a verdict for the plaintiff, assessing the damages at three thousand dollars.

Over the objection and exception of the defendant, the

court charged the jury, that "if the marriage contract and its breach by the defendant have been proved to your satisfaction in this case, and if you further believe from the evidence in the case, that the element of fraud mingles in this controversy, as an ingredient in the act of the defendant, either in making the marriage contract with the plaintiff, or in violating or breaking that contract, then and in such case, you may award to the plaintiff, in addition to the actual loss sustained by her, such exemplary damages as shall tend to prevent a repetition of the injury, and to punish the defendant."

The giving of this instruction was one of the grounds upon which the defendant based his motion for a new trial.

In a proper case the instruction enunciates a correct principle of law; but we think that it was not applicable to the case made by the evidence, which is in the record.

The defendant resided at Kokomo, and the plaintiff at Mount Vernon. The defendant was a widower. His wife died in February, 1866. He was about forty-two years of age, and had five children, ranging from five to fourteen years of age. The plaintiff was about twenty-six years of age, and was engaged in teaching. The marriage contract was made in the fall of 1867. A correspondence by letters took place between the plaintiff and defendant, commencing early in September, and ending in January following. The 9th of January, 1868, was fixed upon as the day for the consummation of the marriage contract. The letters from the defendant to the plaintiff are of a very affectionate character up to and including the one of the 19th of December. On the 22d of December, the defendant wrote the following letter, and mailed it to the plaintiff on the 26th.

"DEAR DELIA,

"I commence this with a heavy heart and sorrowful, and when you read it you can hate me as I deserve to be. Some time before I first wrote you, I became acquainted with a lady, and paid my addresses to her. Everything went well for a time; but through the opposition of the family, a

break in our friendship occurred. I did not know at the time why this was so, and becoming indignant at the treatment I had received, determined to forever forget one who had thus treated me. In this I supposed I had succeeded, and looked upon the matter as forever settled. I then opened a correspondence with you; and when I went to Mount Vernon, I felt just as I told you. Some ten days after my return, through a friend of the lady, I learned why I had been treated in this manner, and that it was not the fault of the lady; and then, what a tumult rose in my heart! what agony when I thought of my position! I tried, day after day, hour after hour, to subdue these feelings, as I felt that my honor, my word, and all that I hold sacred were involved; and I can to-night only confess my feelings to you and say that I am ready to fulfil my promise, but must make this confession, humiliating as it is; knowing and respecting you as I do and ever must, I cannot do otherwise. This may all seem false to you, but as I expect to stand before the judgment-seat, and answer at the great day, it is the simple truth."

The defendant wrote again to the plaintiff on the 30th, expressing his regret for the state of things.

The plaintiff wrote to the defendant, insisting upon a fulfilment of the marriage contract.

For the reasons given in his letter of the 22d of December, the defendant declined to consummate the marriage. There was no conflict in the evidence as to the truth of the reasons given for a violation of the contract. The evidence did not tend to show any fraud in making the contract, and certainly none in its violation. The defendant made a frank avowal of the truth, showing that in all human probability the marriage would result in unhappiness to both parties. Indeed, it is difficult to conceive how a lady of delicacy could, under the circumstances, insist upon the marriage. The plaintiff ought to have a fair compensation for her loss by the violation of the contract; but with such a compensation she ought to be satisfied.

The instruction was calculated to mislead the jury, and the result shows that it probably did.

The court below erred in overruling the motion for a new trial.

Judgment reversed, with costs; cause remanded, with directions to grant a new trial, and for further proceedings.

*D. Moss* and *M. Bell,* for appellant.

*N. R. Linsday, J. A. Lewis,* and *N. P. Richmond,* for appellee.