Kurtz v. Frank.

No. 8051.

KURTZ v. FRANK.

INSTRUCTION.—*Hypothesis.—Question of Fact.*—There is no error in refusing an instruction which omits pertinent and undisputed facts from the hypothesis on which it is based, and which concludes by stating as a conclusion of law what was, in part at least, a question of fact.

BREACH OF PROMISE.—*Request for Fulfillment not Necessary before Action.* —If the defendant had renounced his promise to marry the plaintiff, she need not, before suing, request him to fulfill the engagement.

SAME.—*Defendant's Offer to Perform. — Mitigation of Damages.*—An offer, before suit, by the defendant to renew and to perform the broken engagement, will not defeat the action. Otherwise, perhaps, if there had been no renunciation or complete breach, but only an undue delay in the performance of the contract. How far the offer to renew and perform may mitigate the damages is for the jury to decide according to the circumstances.

SAME.—*Exemplary Damages.—Seduction.*—If the defendant has practiced fraud or deceit, exemplary damages may be awarded, and seduction may be considered in this connection.

MARRIAGE CONTRACT.—*Immoral Consideration.*—The plaintiff testified that the defendant promised to marry her in September or October, if they could agree and get along and be true to each other, but if she became pregnant from their intercourse he would marry her immediately. It does not appear from this that illicit intercourse entered into the consideration of the contract so as to make it void.

SAME.—*Breach Before Time for Performance.—Immediate Right of Action.*— A renunciation of the contract before the date fixed for its fulfillment, gives an instant right of action to the injured party.

EXCEPTIONS.—Questions can not be brought to this court upon rulings of the circuit court to which exceptions were not saved.

From the Miami Circuit Court.

*J. D. Conner, J. L. Farrar, J. Farrar* and *S. D. Carpenter*, for appellant.

*C. Cowgill, C. E. Cowgill* and *H. B. Shiveley*, for appellee.

WOODS, J.—Action by the appellee against the appellant for a breach of marriage contract. The suit was commenced in the Wabash Circuit Court, and removed thence, on an application for a change of venue, to Miami county, where there was a verdict and judgment for the plaintiff for three thousand dollars. The questions presented for decision arise upon the motion for a new trial, the overruling of which is assigned as error.

Complaint is made that the court did not comply with the request of the appellant, that the instructions to the jury be given in writing, but the record does not show the request. Evidence was given that the defendant tried to persuade the plaintiff to commit an abortion, and this is assigned as a cause for a new trial; but no exception is shown to have been taken to the introduction of this evidence. It is next insisted that the court erred in refusing to give instructions numbered two, three and four, asked by the appellant.

Instruction number two, so requested, after stating, hypothetically, certain facts and conduct of the parties, concludes by saying: "Then the defendant has complied, as far as he can, with the promise he made the plaintiff, and she can not recover." Even under the facts stated in the instruction, it was rather a question of fact than of law whether the defendant had complied, as far as he could, with the contract; but, besides this, the defendant offered no evidence in contradiction or modification of that of the plaintiff, of which this instruction ignores pertinent and uncontradicted parts; and, as to the facts stated, it is so far variant from the proof as to justify the court in having refused it as inapplicable to the evidence.

The third of these instructions is to the effect that, in order to recover, the plaintiff must have proved that she requested the defendant to marry her before bringing the action. The substance of this was given in another instruction. There was also evidence tending to show an abandonment of his relation as suitor, and a renunciation of his promise to the plaintiff ; and, in such case, a request to fulfill the promise is not necessary.

The fourth instruction requested by the appellant was, in substance, that, if the defendant went to the plaintiff before the bringing of this suit and offered to marry her, and she refused, she can not recover.

Refusing this, the court gave an instruction to the effect that if the defendant made such offer to marry the plaintiff within a reasonable time, and without a previous breach of the contract, it would be a defence to the action ; but if, prior to such offer, the contract had been broken, it would not be a defence ; that once there has been a complete breach, a subsequent offer to marry will not defeat the right of action. The court committed no error in this respect. In 2 Parsons on Contracts, p. 68, it is said, in manifest accord with the principles of reason and justice :   "An offer to renew or execute the contract after a refusal should be no defence." The fact and circumstances of the refusal or breach may often be such as to bar the possibility, or at least the probability, of any happy results from marriage between the parties, and the defendant, in such a case, should not escape the consequences of his wilful breach of the engagement by offering to consummate a marriage whose auspices were already beclouded by his bad faith and deceit. See *Southard* v. *Rexford*, 6 Cow. 254 ; *Liefmann* v. *Soloman*, 7 Abb. Pr. 409, *n ; Kelly* v. *Renfro*, 9 Ala. 325. How far such an offer to renew and perform the broken engagement may go in mitigation of damages, must be left in each case to the jury, or to the court trying the cause.

The jury were instructed that if the contract and the breach of it had been proved, and if from the evidence they believed that the element of fraud and deceit mingled in the controversy as an ingredient in the conduct of the defendant, either in making the contract or in breaking it, they might allow exemplary damages. The abstract correctness of the doctrine so enunciated is not denied, but it is insisted that there was no evidence of fraud or deceit, and that the instruction was therefore inapplicable and calculated to mislead. Fraud may be inferred from conduct and circumstances, though there be no direct proof; and upon the evidence in this case we can not say that the court was not justified in submitting the matter to the jury, as it was done in this charge. The seduction of the appellee by the appellant was clearly proved, and the inference may not be said to be entirely unwarranted that seduction, and not marriage, was the original and persistent design of the defendant. There is no similarity between the proof in this case and that in the case of *Dryden* v. *Knowles*, 33 Ind. 148, which the counsel for appellant have cited. That punitive damages may be allowed for breach of promise to marry, see *Johnson* v. *Jenkins*, 24 N. Y. 252; *Thorn* v. *Knapp*, 42 N. Y. 474; *Simpson* v. *Black*, 27 Wis. 206; *Dryden* v. *Knowles*, *supra*.

The plaintiff testified that the defendant promised to marry her in September or October (1878); that he said he would marry her in the fall, if they could agree and get along, and be true to each other; but, if she became pregnant from their intercourse, he would marry her immediately. She did become pregnant, about the middle of July, 1878, and informed the defendant of the fact as soon as aware of it. Upon this evidence, it is insisted that the agreement to marry immediately, in case of the plaintiff's pregnancy, is void because immoral, and that, aside from this part of the agreement, the defendant had until the first

of December within which to fulfill his engagement; and, consequently, that the suit, begun as it was before that date, was prematurely brought.

It does not appear that the illicit intercourse entered into the consideration of the marriage contract, but the appellant, having agreed to marry the appellee at a time then in the future, obtained the intercourse upon an assurance that, if pregnancy resulted, the contract already made should be performed at once. This did not supersede the original agreement, but fixed the time for its performance. *Clark* v. *Pendleton*, 20 Conn. 495.

We are not prepared to lend judicial sanction and protection to the seducer by declaring that he may escape the obligation of his contract, so made, on the plea that it is immoral. But if this were otherwise, and if, by its terms, the contract was not to have been performed until at a time subsequent to the commencement of the suit, yet if, before the suit was brought, the appellant had renounced the contract, and declared his purpose not to keep it, that constituted a breach, for which the appellee had an immediate right of action. *Burtis* v. *Thompson*, 42 N. Y. 246; *Holloway* v. *Griffith*, 32 Iowa, 409; S. C., 7 Am. Rep. 208, n; *Frost* v. *Knight*, L. R. 7 Exch. 111; S. C., 1 Moak's Eng. Rep. 218.

We can not say that the award of damages was excessive. Judgment affirmed, with costs.