Filed April 22, 1890.

---

No. 14,169.

ADAMS v. BYERLY.

MARRIAGE CONTRACT.—*Breach of.*—*Complaint.*— *Sufficiency of.*—A complaint in an action for breach of promise of marriage alleged that on October 1st, 1885, in consideration that the plaintiff being unmarried, at the request of the defendant, promised to marry him, the defendant promised to marry the plaintiff on or about April 30th, 1886; that the plaintiff had been during all the time and still was ready; that she had incurred

Adams v. Byerly.

great expense in preparation for the marriage, of all of which defendant had notice; that the defendant refused to marry the plaintiff at the date fixed, and that he has hitherto wholly refused to do so.

*Held,* that the complaint is sufficient, and not open to the objection that there were no mutual promises maturing at the same time.

*Held,* also, that there is a sufficient averment of the breach of the promise.

SAME.—*Contract to Marry Generally.*—*Agreement to Marry Within Reasonable Time Implied.*—Where the conduct and language of the parties are such as clearly to indicate a mutual engagement and understanding to marry either on a day fixed or within a reasonable time, the contract is sufficiently established. A contract to marry generally, without specifying the time, implies an agreement to marry within a reasonable time.

SAME.— *When Right of Action Accrues.*—Any conduct by a party who has promised to marry another, which amounts to a repudiation of the contract, renders the contract no longer obligatory on the other, and constitutes such a breach as entitles the latter to sue.

From the Kosciusko Circuit Court.

*J. S. Frazer* and *W. D. Frazer,* for appellant.

*L. H. Haymond* and *L. W. Royse,* for appellee.

MITCHELL, C. J.—Action by the appellee, Catharine Byerly, against Jeremiah Adams to recover damages for breach of marriage contract. The only question for decision is whether or not the complaint states facts sufficient to constitute a cause of action, or to support a judgment after verdict in favor of the plaintiff. The material averments of the complaint are, that on the 1st day of October, 1885, in consideration that the plaintiff, being unmarried, at the request of the defendant promised to marry him, the defendant promised to marry the plaintiff on or about the 30th day of April, 1886, and that the plaintiff confiding in the promise of the defendant, had been during all that time, and still was ready, and that she had in reliance on the promise of the defendant incurred great expense in preparing suitable clothing, and otherwise getting ready to comply with her engagement, of all of which the defendant had notice. It is averred that the defendant wholly failed and refused to

marry the plaintiff at the time set, and that he has hitherto wholly refused so to do, to the plaintiff's damage, etc.

It is contended that because the promise of the defendant was to marry the plaintiff on or about the 30th day of April, 1885, and that of the latter, was to marry generally, without defining any particular time, there were no mutual promises maturing at the same time, and that there was, therefore, no consideration for the promise of the defendant. It is also insisted that there is no sufficient averment of a breach of the promise to marry.

It is undoubtedly true that an action for breach of promise to marry can not be sustained unless there have been mutual promises on the part of both contracting parties. If there be no mutual promises, the contract is void for want of consideration. *King* v. *Kersey*, 2 Ind. 402 ; *Cates* v. *McKinney*, 48 Ind. 562 ; *Ellis* v. *Guggenheim*, 20 Pa. St. 287 ; *Homan* v. *Earle*, 53 N. Y. 267 ; *Burnham* v. *Cornwell*, 16 B. Mon. 284 (63 Am. Dec. 529, and note).

It is not necessary that the contract should have been manifested or expressed by any set form of speech, or that a particular time should have been fixed for the solemnization of the contract. It is sufficient to establish the contract, if the conduct and language of the parties were such as clearly to indicate a mutual engagement and understanding to marry, either upon a day fixed, or within a reasonable time. A contract to marry, generally, without specifying the time, implies an agreement to marry within a reasonable time. " Each party," as has been said, " has a right to a reasonable delay, but not to delay without reason, or beyond reason." *Wagenseller* v. *Simmers*, 97 Pa. St. 465.

There is no rule, however, which requires that in order to make a binding engagement, each must agree with the other to marry on a fixed date, or at a definite time. It is sufficient if there be mutual promises to marry, and if no time be fixed the law implies that the promise will be performed

within a reasonable time. *Blackburn* v. *Mann*, 85 Ill. 222; *Cole* v. *Holliday*, 4 Mo. App. 94.

Where an offer or promise on the part of the defendant has been proven, it has been held that the mutuality of the promise or engagement may be proven by showing the conduct of the plaintiff, so far as it tends to show approval or concurrence in his promise. *Hutton* v. *Mansell*, 3 Salk. 17; *Phillips* v. *Crutchley*, 3 Car. & P. 178; Chitty Con. 790.

The appellant's promise in the present case was to marry the plaintiff on or about a given date. This promise was made in consideration of the plaintiff's promise to marry generally. If no date whatever had been fixed, the agreement would have been sufficient to support an action for its breach, in case of refusal to marry within a reasonable time. But the appellant, in consideration of the plaintiff's promise, agreed to marry her on a fixed date, and it is averred that the plaintiff, with the knowledge and acquiescence of the defendant, completed her preparations to marry at the date fixed. This must be regarded as equivalent to a mutual agreement to marry at the time fixed. *Haymond* v. *Saucer*, 84 Ind. 3. A sufficient promise was averred. *Southard* v. *Rexford*, 6 Cow. 254. There is also a sufficient breach averred. The appellant refused to marry at the time set, which must be construed to mean, a suitable day about the 30th of April. He persisted in his refusal until the 7th day of June following, when this suit was instituted. A refusal to comply with his contract, without any apparent or sufficient reason, gave the plaintiff below an immediate right of action. Any conduct by a party who has promised to marry another, which amounts to a repudiation of the contract, renders the contract no longer obligatory on the other, and constitutes such a breach as entitles the latter to sue. Thus, where the engagement was to marry " in the fall," and the defendant in the month of October declared his purpose not to perform the contract, it was held that the action might be commenced immediately. *Thompson* v. *Burtis*, 42 N. Y. 246

(1 Am. Rep. 516); *Holloway* v. *Griffith*, 32 Iowa, 409 (7 Am. Rep. 208). A right of action accrues upon a marriage engagement whenever the defendant by words or conduct evinces his purpose not to proceed with the contract. *Kurtz* v. *Frank*, 76 Ind. 594; *Kelly* v. *Renfro*, 9 Ala. 325 (44 Am. Dec. 441). Renunciation of the contract at or before the date fixed for its fulfilment, gives the injured party an immediate right of action.

These conclusions lead to an affirmance of the judgment. Judgment affirmed, with costs.

OLDS, J., did not participate in the decision of this case.

Filed April 23, 1890.