Filed Sept. 21, 1893.

———————◆———————

No. 930.

Hughes v. Nolte.

Evidence.—As to Chastity, Virtue and Morality.—In Rebuttal.—Marriage Contract.—Breach of.—In an action for a breach of marriage contract, on cross-examination, testimony was elicited from plaintiff tending to show that illicit intercourse had existed between the parties, as a result of which plaintiff believed that she was pregnant. To rebut this testimony, there was no error in allowing testimony in support of plaintiff's general reputation for chastity, virtue, and morality.

Same.—Breach of Marriage Contract.—Declarations and Manifestations of Grief by Bride.—In such case, the declarations and manifestations of grief by the bride in the presence of the bride's mother and guests assembled, on the failure of the bridegroom, the defendant, to appear at the time and place appointed for the wedding, were admissible in evidence.

Marriage Contract.—Exemplary Damages.—Fraud.—In an action for breach of marriage contract, broken with bad motives, or where an element of fraud enters into the controversy as an ingredient of the act, either in making the contract or breaking it, exemplary damages may be recovered.

From the Jackson Circuit Court.

G. W. Cooper and C. B. Cooper, for appellant.

J. F. Cox and W. L. Cox, for appellee.

Davis, J.—This was an action instituted by appellee, against appellant, to recover damages for breach of marriage contract. There was a trial by jury, which re-

sulted in a verdict and judgment against appellant for two thousand five hundred dollars. The only error discussed is that the court erred in overruling appellant's motion for a new trial.

The first question discussed brings in review the ruling of the trial court in allowing appellee, in rebuttal, to introduce evidence as to her general reputation for virtue and chastity, and also for morality.

On cross-examination of appellee, counsel for appellant elicited testimony tending to show that illicit relations had existed between the parties, as the result of which she believed she was pregnant. This testimony, so far as we have been able to discover, was not in response to anything to which she testified in chief, but conceding that the cross-examination was proper, we are not prepared to say, under the circumstances of this case, in view of the fact that the appellant called out the testimony, as indicated, that there was error in the admission of the testimony in rebuttal in support of her general reputation for chastity, virtue, and morality. *Perkins* v. *Hayward,* 124 Ind. 445 (449); *Jones* v. *Layman,* 123 Ind. 569.

The next reason urged is that the court erred in admitting in evidence the testimony of her mother as to declarations and manifestations of grief and distress made by appellee to her mother and others who were present, in the absence of appellant, on the occasion of his failure to appear at the time and place fixed for the wedding, when she learned of his intention not to marry her. The fact that comparative strangers may have been present with her relatives and those interested in her, would not necessarily exclude such declarations and expressions of grief. *Cates* v. *McKinney,* 48 Ind. 562.

The other reasons discussed relate to the instructions given. The court, in substance, stated that if appellant

entered into the contract and broke it with bad motives, or if the element of fraud entered into the controversy as an ingredient in the act of appellant, either in making the contract or breaking it, exemplary damages might be allowed. It is conceded that the instructions correctly state the law, but it is urged that they are not applicable to the case made by the evidence. *Ætna Life Ins. Co.* v. *Nexsen*, 84 Ind. 347; *Dryden* v. *Knowles*, 33 Ind. 148; *Haymond* v. *Saucer*, 84 Ind. 3 (11).

There was evidence tending to sustain the alleged contract; that illicit relations had followed; that appellee believed she was pregnant, and communicated this supposition to appellant; that a day was fixed for the marriage; that appellee expended one hundred dollars in making preparations for the wedding; that appellant failed to appear at the appointed time and place; that such failure occasioned unfavorable comment against her, and that many people believed his failure and departure were on her account; that she did not see or hear from him for four months, and that when she did see him he promised to return and straighten out the false reports against her, and that he would make everything all right by marrying her as he had agreed to do.

Without further comment, it will suffice to say that, under all the facts and circumstances of this case, the instructions, as a whole, correctly state the law.

It is next insisted that the verdict was excessive and outrageous.

The damages, in our opinion, are not so large as to warrant a reversal for that reason.

Conceding that the questions discussed are properly presented by the record, we have not been able to find any reason which would authorize this court in disturbing the judgment of the trial court, but the fact is, as we have discovered in looking through the record, although

the question has not been suggested by counsel, that the bill of exceptions containing the evidence is not technically a part of the record.

On September 10, 1891, appellant was granted ninety days in which to file a bill of exceptions. There is attached to the record what purports to be a bill of exceptions, but there is no record entry, statement or memorandum in the transcript, independent of the bill, either preceding the bill or in the certificate, in substance and to the effect that the bill was filed. *Gish* v. *Gish*, 7 Ind. App. 104, and authorities there cited.

In this case, in view of the fact that the questions raised have been decided, the oversight has worked no injury, and we only call attention to the matter in this instance for the purpose of impressing upon the profession the duty incumbent on them of exercising great care in the examination and preparation of transcripts on appeal.

Judgment affirmed, at costs of appellant.

LOTZ, J., absent.

