Filed June 14, 1895.

---

No. 1,480.

## WALSH *v.* BROCKWAY ET AL.

APPEAL.—*Dismissal Of.*—*Parties Plaintiff.*—*Notice.*—Where one of several co-parties appeal, he must make the other co-parties appellants and serve notice of the appeal on them, or the appeal will be dismissed.

From the Benton Circuit Court.

*A. C. Harris* and *Remy & Mann,* for appellant.

*W. V. Stuart, C. B. Stuart* and *E. P. Hammond,* for appellees.

LOTZ, J.—The appellees, August Bankson, Abbie E. Doner, Cordelia Bonebrake, Ezra Bonebrake and Mar-

garet Homan, commenced separate actions in the Benton Circuit Court against Osmar C. Brockway and the appellant, Richard Walsh. In their separate complaints it was alleged that Osmar C. Brockway executed his several promissory notes, payable to each plaintiff for the different amounts therein named; that Brockway, being in embarrassed circumstances, executed to Walsh a chattel mortgage on a stock of goods and assigned to him certain notes and accounts to secure certain indebtedness owing by Brockway to Walsh, and also to secure the payment of the notes to these several plaintiffs and of other creditors of said Brockway; that the property so assigned and set over to Walsh was more than sufficient to pay all of the creditors named in the mortgage; that Walsh accepted said mortgage and sold and disposed of all the property, but failed to pay the plaintiffs the amounts due on their several notes. By order of the court the cases were consolidated and an amended complaint filed, in which all of the plaintiffs joined. The cause was tried by the court, which rendered separate judgments in favor of each plaintiff and against the defendant Brockway for the balance due on each note; and also rendered separate judgments in favor of each plaintiff and against the defendant Walsh in the same amounts for his failure to apply the proceeds realized from the property to the payment of the plaintiffs' claims. It was further adjudged that any payment or payments made on either of the judgments against either of the defendants should operate as payment and satisfaction of the other judgment against the other defendant.

Richard Walsh is the only party who appeals. His appeal was taken after the end of the term at which the judgment was rendered. He has named in his assignment of errors as appellees each of the judgment plain-

tiffs.    He has also classified and named his co-defendant, Osmar C. Brockway, as an appellee.    The appellant also served notice of his appeal upon the counsel who appeared for the plaintiffs in the court below.    In this notice Brockway is named as an appellee.    The counsel acknowledged the service of this notice as "attorneys for appellee."    Counsel for appellee suggest that the appeal should be dismissed because no notice was served upon Brockway, and because he has not been properly made a party to the appeal.    Whether or not the counsel for the plaintiffs below had any authority to acknowledge the service of notice of appeal for Brockway we need not determine.    We may remark that he could not be made an appellee.    *Hadley* v. *Hill*, 73 Ind. 442.    The various judgments are in some respects joined together.    The order directing that a payment made upon one should operate as payment upon the judgment in favor of the same party as against the other defendant affects them all alike and affects both of the judgment defendants alike.    This final order of the court binds the various judgments together, so that an appeal from one would necessarily affect the other.    The appellant and Brockway were co-parties to the judgment appealed from.    Section 647, Burns Rev. 1894 (section 635, R. S. 1881) requires that when one of several co-parties appeals he must serve notice of the appeal upon all the other co-parties.    When an appeal is taken, all the co-parties or judgment defendants must be made appellants, and they cannot be made appellees.    A notice served upon them as appellees is not sufficient, and will not bring them into court.    The court has no jurisdiction over their persons unless they be made appellants and be served with notice as such.    Unless all the parties to the judgment whose rights are liable to be affected are properly brought before the appellate court

the appeal will be dismissed for want of jurisdiction. *Gregory* v. *Smith*, 139 Ind. 48; *Wood* v. *Clites*, 140 Ind. 472; *Benbow* v. *Garrard*, 139 Ind. 571.

As no notice was served upon Osmar C. Brockway as an appellant, the appeal must be dismissed under the rule announced by the above authorities. So ordered.

Filed March 22, 1895; petition for rehearing overruled June 14, 1895.

## ON PETITION FOR REHEARING.

DAVIS, J.—Counsel for appellant, in their petition for rehearing, insist that the appeal should not have been dismissed, because the judgment from which Walsh appeals is not a joint judgment against him and Brockway, and, second, because the defect of parties was waived by appellees before the suggestion was made that the appeal should be dismissed. If it was conceded that counsel were correct on these propositions, an examination of the record discloses that a rehearing would not avail appellant. The only errors assigned bring in review the sufficiency of the complaint and the action of the court in overruling appellant's motion for a new trial. The point is made by counsel for appellee that the evidence is not in the record. There is no entry statement or memorandum in the record showing that the bill of exception was ever filed. *Gish* v. *Gish*, 7 Ind. App. 104.

Appellant and Brockway jointly demurred to the amended complaint and reserved a joint exception to the ruling. The complaint in any view of the case states a good cause of action against Brockway. There was no error in overruling the demurrer. An attempt has also been made to question the sufficiency of the complaint by an assignment of errors, but the complaint

is certainly good when attacked after verdict for the first time. Waiving all technicalities and construing the record in the light most favorable to appellant, no error is presented that would justify a reversal of the judgment of the court below.

The petition for a rehearing is overruled.

Filed June 14, 1895.