Filed June 13, 1895.

•

No. 1,602.

## WILSON *v.* SMELSER.

MARRIAGE CONTRACT. — *Breach of.* — *Evidence.* — *Declarations of Affianced.*—*When Not Admissible.*—Declarations of the affianced, which were not made, and did not purport to have been uttered, in connection with, or during the performance of any act of which they can be said to form a part of the *res gestœ*, but were bare statements to her parents and relatives, in the absence of defendant, are not admissible in evidence in an action by her for breach of marriage contract.

From the Clinton Circuit Court.

*P. H. Dutch,* for appellant.

*W. A. Staley, S. M. Ralston* and *M. Keefe,* for appellee.

REINHARD, C. J.—This is an action for a breach of marriage contract, in which the appellee recovered a judgment for $1,800. At the trial the appellee's counsel, while she was on the stand testifying in her own behalf, asked her the following question : " During the time you were engaged to him, what statements, if any, did you make to your relatives about your prospective marriage to the defendant?" To this question the ap-

pellant, by counsel, objected for the reason that any statements she may have made outside of the hearing of the appellant are not admissible, and that declarations made in a general way by the party of her intentions to get married, and her prospects, in a general way, in the absence of the appellant, are not proper. The court overruled the objection and the appellant excepted.

The witness having stated that she did not understand the question, was then asked the following: "If, during the time that you were engaged to the defendant, you informed your parents, or other relatives, that you were engaged to him, you may state that fact to the jury." The appellant objected to this question "for the reason that if any such statement was made, it was made in the absence of the defendant. It also pre-supposes the fact of the engagement, and evidence of this character is mere evidence manufactured by the plaintiff, being her own statements to persons outside, for the purpose of establishing a marriage contract, which cannot be done." The court overruled the objection and an exception was reserved by the appellant. The counsel for appellee next asked her this question, she having answered the last question in the affirmative: "Now, what did you say to your parents, or other relatives in that connection, about your marriage to Mr. Wilson?" Appellant again objected for the reason that it was a statement made in the absence of the appellant. The court overruled the objection and the appellant excepted. The witness answered "That Mr. Wilson and I were to be married." Counsel then moved to strike this answer from the record for the reason that it was not responsive to the question. This motion the court sustained and the counsel withdrew the question. Subsequently the appellee's counsel again asked her to state what she said to her parents about their engagement, if anything, and

Wilson *v.* Smelser.

the appellant objected for the reason that her statements
in the absence of the appellant, were not competent tes-
timony, but the court overruled the objection and the
appellant excepted. The witness then, over .the objec-
tion and exception of the appellant, proceeded to state
that she had told her parents they were to be married
the first of October. The appellant moved to strike out
the question and answer for substantially the same rea-
sons already urged, but the court overruled the motion
and permitted the witness to proceed with the testimony
upon the line indicated, to all of which rulings the ap-
pellant saved proper exceptions.

Mere self-serving declarations made by a party in the
absence of the other are ordinarily not competent to be
given in evidence by the party who made them. Such
statements are classed among that branch of declarations
denominated as hearsay evidence and are incompetent.
*Meyer* v. *Bell,* 65 Ind. 83 ; *Olvey* v. *Jackson,* 106 Ind. 286 ;
*Brown, Admr.,* v. *Kenyon,* 108 Ind. 283 ; *White, etc., Co.*
v. *Gordon,* 124 Ind. 495. One of the exceptions to the rule
that hearsay evidence will be excluded is that when a dec-
laration is made by a party during the performance of an
act which is itself the subject of legitimate proof, such dec-
laration is admissible as part of the *res gestæ.* *Puett* v.
*Beard,* 86 Ind. 104 ; *Shauver* v. *Phillips,* 7 Ind. App. 12.

In an action for a breach of marriage contract it is
competent for the female plaintiff to prove her own con-
sent to the alleged contract, and this may be done by
evidence of her own conduct during the engagement and
before the estrangement between the parties, and her dec-
larations accompanying the same. Such declarations,
however, in the absence of any act of his of which they
could be explanatory, or to which they might give char-
acter, are not proper evidence. *King* v *Kersey,* 2 Ind.
402 ; 2 Lawson Rights and Rem., section 696. Thus

the plaintiff's acts of preparation for marriage and her declarations in furtherance of such acts, or as part thereof, and showing the matrimonial intent, are competent in her favor, although made in the defendant's absence.    Abbott Trial Evidence, pp. 676, 677.

It has also been held by this court that the declarations and manifestations of grief and disappointment on the part of the bride at the failure of the bridegroom to appear at the hour appointed for the marriage ceremony were competent testimony.    *Hughes* v. *Nolte*, 7 Ind. App. 526.

In the case before us the declarations admitted were not made and did not purport to have been uttered in connection with or during the performance of any act of which they can be said to form part of the *res gestœ*. The questions by which the testimony of the declarations were elicited clearly show that it was intended to prove only her bare statements to her parents and relatives, made in the absence of the appellant, relative to the alleged future marriage or the engagement of the parties.    Such declarations are clearly incompetent. *Jones* v. *Layman*, 123 Ind. 569 ; *Cates* v. *McKinney*, 48 Ind. 562, 566.

In the case first cited it was said by the supreme court: "The declarations would have been incompetent had they been made before the alleged estrangement, for the reason that they were coupled with no act of the appellee indicating that she contemplated marrying the appellant.    But had the declarations accompanied such act of the appellee which would have rendered them competent, if a part of the *res gestœ*, having been made days after the estrangement, they were incompetent for any purpose."    Of course the objection that the declarations were made after the estrangement does not apply in the present case. But that they were made in con-

nection with some act or conduct of the appellee, indicating an intention to marry the appellant, is not claimed.

We have examined the record carefully, and are not able to concur with appellee's counsel in the view that the admission of this evidence, if erroneous, was harmless. The appellant was entitled to a new trial.

Judgment reversed.

Filed June 13, 1895.