## ASIU BROWN *v.* ANDREW BANNISTER.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 15, 1902.    DECIDED FEBRUARY 14, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

If A. promises to marry B. in consideration solely of B.'s reciprocal promise to marry A., and thereafter B., in reliance upon A.'s said promise and of his assurance that the marriage will take place in the near future, yields to his solicitations to have sexual intercourse, A.'s contract is not void as being based on an immoral consideration.

The evidence in this case, an action for breach of promise of marriage, held sufficient to sustain a verdict for the plaintiff for $2500 damages.

### OPINION OF THE COURT BY PERRY, J.

This is an action for damages for breach of a contract of marriage alleged to have been entered into by and between the plaintiff and the defendant. The jury rendered a verdict in

favor of the plaintiff for $2500. The case comes to this Court on exceptions by the defendant.

Two questions only are presented under the bill of exceptions, one being as to the correctness of the ruling of the trial court in denying defendant's motion for non-suit made at the close of plaintiff's evidence, and the other as to whether or not the verdict is contrary to the law, the evidence, or the weight of the evidence.

The motion for non-suit was based on the ground that the evidence showed that the sole consideration for defendant's promise to marry the plaintiff was an immoral one, to wit, that the plaintiff should have sexual intercourse with the defendant, and that therefore the contract declared on was void. Some of the testimony given by the plaintiff would tend, perhaps, to support the contention that the defendant's promise was in consideration, or upon the condition, that the plaintiff submit to intercourse with him, and it may be that if the jury had found that those were the facts that the appellate court would be unable to set aside the verdict as being unsupported by the evidence. There was other testimony, however, as well of others as of the plaintiff, which was clearly sufficient to sustain a finding by the jury that the defendant's promise to marry the plaintiff was based solely on the plaintiff's promise to marry him and that nothing was said between the parties at the time of the making of such promise as to illicit intercourse. The jury may well have found, further, and such finding would find ample support in the evidence, that the seduction was subsequently accomplished by virtue of the promise of marriage and that the plaintiff yielded to defendant's solicitations in reliance on such promise. In view of the verdict, the presumption is that the jury so found. Subsequent intercourse obtained under such circumstances, after unconditional, mutual promises to marry, does not render the contract void. See *Baldy v. Stratton*, 11 Pa. St. 319, 323; *Kurtz v. Frank*, 76 Ind. 594; *Haus v. Moeller*, 18 S. W. (Mo.) 884; *Spellings v. Parks*, 58 S. W. (Tenn.) 126; also, *Steinfield v. Levy*, 16 Abb. Pr., n. s., 28 and *Hanks*

*v. Naglee*, 54 Cal. 52. The motion for a non-suit was correctly overruled.

On behalf of the defendant it is contended that there was no proof of damage and that for that reason the verdict cannot stand. Evidence was adduced tending to show, *inter alia*, the following facts: that the reciprocal promises above referred to were made on September 6, 1897; that soon after the engagement, the defendant requested the plaintiff to live with him assuring her that the marriage would soon take place; that the plaintiff, relying upon the defendant's promise of marriage and upon his assurance of the early execution of such promise, consented and took up her residence with him as his mistress, and that these relations continued until on or about September 26, 1900; that two children were born as a result of this cohabitation, one on November 2, 1898, and one on September 26, 1900; that during this period of time the plaintiff often requested the defendant to fulfill his promise but that he refused and failed to do so, stating on each occasion but the last that the marriage would take place in the future, but not fixing a date certain; that on September 26, 1900, at a time when, as defendant was well aware, the plaintiff was about to give birth to the second child and when the pains of parturition were already upon her, the defendant for the first time announced to her that he would not carry out his promise and that he would soon marry a certain other woman whom he named; that a very few hours after the birth of the child, the defendant left the plaintiff and on the first of October following married another. There was also evidence tending to show that the defendant's determination not to execute his promise and his intention to marry another, were communicated to the plaintiff, not with gentleness and tenderness, but with unnecessary harshness and cruelty; also that the defendant owned property of the value of about $3000 and was in receipt of a monthly salary of $100.

The injury to plaintiff's feelings and affections, the mortification and distress of mind, the humiliation and the physical pain suffered by her in consequence of the seduction and otherwise,

the length of the engagement, the degree of plaintiff's devotion to defendant, the conduct of the parties toward each other, the injury to plaintiff's prospects in life, and the disappointment of her reasonable expectations of worldly advantage resulting from the intended marriage, were all elements of damage resulting from the breach and proper to be considered by the jury in estimating the amount of the verdict. In our opinion the proof of damage was sufficient to sustain a verdict in a substantial amount.

· It is contended, however, that the sum awarded was excessive, especially in view of the fact that evidence was adduced tending to show that, prior to the alleged engagement, the plaintiff was of unchaste character and had borne two other children, the issue of illicit cohabitation with another man. That was certainly evidence in mitigation of damages. It was before the jury and the defendant had the benefit of it. It was the province of the jury to determine how far to permit that fact to operate in mitigation. Under all of the circumstances as disclosed by the evidence, we are unable to say that the verdict was excessive.

The further point is made in argument that the trial judge in his charge failed to instruct the jury as to the elements of damage and that it was erroneous to simply charge, in effect, as was done, that in assessing damages "you can give such damages as you think are proper under the circumstances," not exceeding, however, the amount claimed, five thousand dollars. It may be that this instruction was erroneous but the error, if any, can not now be taken advantage of because no request was presented by the defendant for further instructions on the subject and no exception was noted to the judge's failure to instruct or to the instruction as given.

The question as to the sufficiency of the allegation in the declaration as to damage, is not presented by the bill of exceptions and therefore will not be considered.

The exceptions are overruled.

*Andrews, Peters & Andrade* for plaintiff.

*J. T. De Bolt* for defendant.