## McCaslin et al. *v.* Winfield et al.

[No. 8,596.  Filed November 6, 1913.]

1. APPEAL.—*Vacation Appeal.—Parties.—Dismissal.*—Under §674 Burns 1908, Acts 1899 p. 5, governing vacation appeals, in order to confer jurisdiction, all the coparties against whom the judgment below was rendered should be made coappellants, and failure to do so necessitates a dismissal of the appeal.  p. 446.

2. APPEAL.—*Motion to Dismiss.—Presumption.*—Where appellants neither resist a motion to dismiss the appeal nor contradict the facts therein stated, it will be presumed, for the purpose of disposing of such motion, that it and the brief in support thereof correctly state the facts disclosed by the record.  p. 446.

From Miami Circuit Court; *Joseph N. Tillett,* Judge.

Action by Maurice Winfield against George H. McCaslin and others. From a judgment for plaintiff, the defendants, George H. McCaslin and Alfred R. Hovey, appeal. *Appeal dismissed.*

*William N. Harding, Alfred R. Hovey* and *Omer U. Newman,* for appellants.

*W. T. Wilson* and *M. Winfield,* for appellees.

HOTTEL, P. J.—This is an action brought by appellee, Maurice Winfield, as a taxpayer of Cass County, Indiana, against the board of commissioners of said county and appellants to declare illegal and void a contract entered into between said board of commissioners and appellants, and to enjoin the appellants from proceeding thereunder, and to enjoin said board from making any allowance for services rendered under said contract.

Appellees have filed a motion to dismiss the appeal with the proof of notice thereof served on appellants, and brief in support of such motion. It appears from this motion and the brief in support thereof that the court below rendered a joint judgment against all of the defendants McCaslin, Hovey and said board of commissioners, and that

from this judgment the appellants prayed a vacation appeal and served notice on the appellee, Maurice Winfield, who is the plaintiff below, on the clerk of the Miami Circuit Court and on the Board of Commissioners of Cass County. A defective assignment of errors, and an improper service of notice of the appeal on said board of commissioners are relied on as grounds of the motion to dismiss the appeal. The assignment bears the caption and title following: ''State of Indiana, in the Appellate Court of Indiana. George H. Mc Caslin and Alfred R. Hovey, appellants, vs. Maurice Winfield and the Board of Commissioners of Cass County, Indiana, appellees. Assignment of Errors.''

It will be observed that the Board of Commissioners of Cass County is made an appellee. The appeal, being a vacation appeal, is governed by §674 Burns 1908, Acts

1.  1899 p. 5. In construing this section of statute, both the Supreme Court and the Appellate Court have held that to give the court of appeal jurisdiction, the appellants should make all their coparties against whom the judgment below was rendered, coappellants with them in this court, and that a failure to do so, must result in a dismissal of the appeal. *McKee* v. *Root* (1899), 153 Ind. 314, 54 N. E. 802, and authorities there cited; *Schuman* v. *Collis* (1895), 144 Ind. 333, 334, 43 N. E. 257; *Lee* v. *Mozingo* (1895), 143 Ind. 667, 671, 41 N. E. 454; *Gregory* v. *Smith* (1894), 139 Ind. 48, 54, 38 N. E. 395; *Walsh* v. *Brockway* (1895), 13 Ind. App. 70, 73, 40 N. E. 29, 41 N. E. 76.

Appellants have made no appearance to said motion either to resist the sustaining thereof, or to contradict the facts therein stated. Hence we assume for the purposes of

2.  its disposition that it and the brief in support thereof correctly state the facts disclosed by the record. It follows under the authorities cited that there must be a dismissal of the appeal. Appeal dismissed.

Note.—Reported in 103 N. E. 72. See, also, 2 Cyc. 762; 3 Cyc. 185.