ANNA J. STACEY *v.* CHARLES L. DOLAN.

October Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed November 30, 1914.

*Evidence—Admissibility—Conclusion of Witness—Meaning of Letters—Breach of Marriage Promise—Evidence in Mitigation of Damages—Offers of Marriage—Evidence in Mitigation of Damages—Offers of Marriage After Breach— Principals Governing Damages—Exceptions—Sufficiency.*

In an action for breach of a marriage promise, where plaintiff introduced in evidence a letter that defendant procured to be written and sent her after the action was begun, and which she claimed contained an offer of marriage, and which was too plain to be misunderstood, and there was no claim that plaintiff gave it a different interpretation, a question asked plaintiff as to what she

24

considered the letter communicated to her was properly excluded.

In an action for breach of a marriage promise, where defendant introduced in evidence a letter written him by plaintiff in answer to his letter to her containing an offer of marriage and written after the action was begun, and there neither was, nor was claimed to be, anything in that answer showing that plaintiff accepted that offer, a question asked her whether she meant by designated expressions in that letter to refuse the offer was properly excluded.

An answer that is not responsive, but is material, may properly be allowed to stand.

In an action for breach of a marriage promise, offers of marriage made by defendant to plaintiff after the alleged breach and after suit brought, but while his character, condition, and circumstances remained unchanged, are admissible in evidence in mitigation of damages.

An offer to marry, made after the breach of a promise to marry, is no bar to an action for the breach.

Though assumpsit is the proper action for breach of a marriage promise, the damages are determined on principles that do not apply in ordinary cases of assumpsit.

Where the court complied with defendant's requested instruction, but added a further instruction in that connection, and defendant excepted to the failure of the court to give his requested instruction, but not to the charge as given in that connection, no question was reserved as to what the court instructed beyond the request.

In an action for breach of a marriage promise, defendant's evidence that a proposal of marriage made by him to plaintiff after suit brought was made in good faith, offered to rebut the inference that the proposal was an admission of a previous engagement, was properly excluded, for the good faith of the proposal could not rebut any inference proper to be drawn therefrom.

ASSUMPSIT for breach of a marriage promise. Plea, the general issue. Trial by jury at the March Term, 1914, Franklin County, *Waterman*, J., presiding. Verdict and judgment for plaintiff. The defendant excepted. The opinion states the case.

*C. G. Austin & Sons* for the defendant.

In an action for breach of a marriage contract, an offer of marriage by defendant after suit brought is admissible in mitigation of damages. *McCarthy* v. *Heryford* (U. S. C. C. Or. 1903), 125 Fed. 46; *Kelly* v. *Renfro*, 9 Ala. 325, 44 Am. Dec. 441; *Kurtz* v. *Frank*, 76 Ind. 594, 40 Am. Rep. 275; *Pollock* v. *Sullivan*, 53 Vt. 507; *Liefmann* v. *Sotomon*, N. Y. Sup. Ct. General Term, 1858, Note, 7 Abb. Prac. Rep. 409; Sedgwick on the Measure of Damages, 5th Ed. pp. 122, 226, 228, 421; *Southard* v. *Rexford*, 6 Cowen 254; *Whittler* v. *Sharp*, 49 L. R. A. (N. S.) 931 and note; *Stillwell* v. *Farwell*, 64 Vt. 286; *Rutland etc. Co.* v. *Bank of Middlebury*, 82 Vt. 639; *Wilcox* v. *Plummer*, 4 Pet. 172, 7 Law. Ed. 821; *Probate Court* v. *Bates et al.*, 10 Vt. 285; *Basic City* v. *Bell*, Ann. Cas. 1914 A, p. 1036, and note.

*McFeeters & McFeeters* and *Rufus E. Brown* for the plaintiff.

HASELTON, J. This was an action of assumpsit for a breach of a promise to marry. Trial by jury was had, and verdict and judgment were for the plaintiff for the sum of six thousand two hundred dollars. The defendant excepted.

The plaintiff's evidence tended to show that the parties engaged to marry each other July 4, 1909, that no date for the marriage was agreed upon, but that several discussions as to the matter of date were had between them prior to December 13, 1913, and that on the last named date the plaintiff asked the defendant to marry her, and that he then told her that he had changed his mind and then refused to marry her. The plaintiff relied wholly on the refusal of December 13, 1913, as the breach of the contract. Two days thereafter she caused this writ to be made, and after a lapse of another two days, that is on December 17, she caused the writ to be served on the defendant.

The defendant's evidence tended to show that there was no contract to marry between him and the plaintiff. But the jury determined otherwise.

There was no evidence that the plaintiff suffered in respect to her health or business in consequence of the breach of contract, and there was no direct evidence that the plaintiff suffered mental anxiety and humiliation in consequence of the

breach of promise. The transcript is not referred to, and what the indirect evidence may have been we cannot say.

The plaintiff introduced in evidence a letter written to her the day after the service of the writ, written for the defendant by his sister. This letter amounted to an offer to marry communicated through another, as such an offer may well be, and contained an invitation from the sister asking the plaintiff to spend Sunday or Christmas with the Dolans in order that the plaintiff and the defendant might quietly fix things to suit themselves. The defendant offered to show that the offer of marriage in the letter was made in good faith and that no change had taken place in his health or financial condition or circumstances that rendered this proposal of marriage any less advantageous than it would have been if made on the 13th of December. This testimony was offered in mitigation of damages, if any damages should be found. The offer was excluded and the defendant excepted. We defer consideration of this exception.

The plaintiff was asked what she considered that this letter communicated to her, and, objection being made, the question was excluded, and an exception taken by the defendant. The plaintiff now says that the letter showed for itself, and we think that its meaning was too plain to be misunderstood. The defendant claimed that the letter conveyed an offer of marriage, and there was no offer or claim that the plaintiff gave it a different interpretation.

Two letters in reply to the one already referred to were introduced in evidence by the defendant. One was addressed to the defendant and one to his sister.

The letter to the sister declined the invitation, and the plaintiff was asked if she meant by certain expressions in the letter to convey to the defendant a refusal of the proposition of marriage made through the defendant's sister. The question was excluded and an exception was taken.

It was not claimed and there was nothing in the reply from which it could be claimed that she accepted the proposal, and so we think the offer was properly excluded.

The letter was in evidence without restriction, and whatever it disclosed as to her feelings, in consequence of the breach of promise, was for consideration and was not affected by the ruling.

In her letter to Mr. Dolan the plaintiff referred to her declination of his sister's invitation, and said, "as there would be little or no opportunity to talk over plans here, write me." What plans she referred to might well be a matter of doubt, but she was not asked about this letter.

The defendant offered to show that after the plaintiff's reply to him, an offer of marriage was communicated to the plaintiff through her counsel, and that, this offer being refused, still another offer was made not long after, and that these offers were made while the defendant's condition was equally as advantageous as on December 13, 1913. This proffered evidence was excluded and the defendant excepted. We will consider this exception presently. Before mailing her reply to the defendant the plaintiff submitted it to her counsel, and, that fact having appeared from her testimony, she was asked why she did so. She replied that the defendant had so often promised to marry her and broken his word that she thought it best to have his statement in writing. An exception was taken to the answer as not responsive. This answer was not strictly responsive to the question, but her attitude and feelings in the matter, whether calculated to enhance or diminish damages, were material, and so, though the statement was not exactly responsive, it was properly allowed to stand.

The defendant took the witness stand in his own behalf and offered to show that there had been no change in his character, habits, or condition after the alleged breach of promise and that his subsequent offers of marriage were made in good faith. This offer was excluded, and the defendant excepted.

We here consider this exception and the others heretofore noted which depend upon the question of whether, after a breach of promise to marry and suit brought, a subsequent offer, made in good faith and while the plaintiff's character, condition, and circumstances remain unchanged, should be received in evidence in mitigation of damages so far as, in all the circumstances, the jury may think it should go in mitigation.

It is well settled that an offer to marry after a breach of promise to marry is no bar to the action, but in *Kurtz* v. *Frank*, 76 Ind. 594, 40 Am. Rep. 275, where it was so held, it was said that how far such an offer may go in mitigation of damages must be left in each case to the jury, or to the court trying the

cause. In this case the offer referred to was before suit brought.

But in *Kelly* v. *Renfro,* 9 Ala. 325, 44 Am. Dec. 441, it was held that an honest offer to marry, after suit brought for a breach of promise to marry, was for the consideration of the jury upon the question of damages. In *Bennett* v. *Beam,* 42 Mich. 346, 36 Am. Rep. 442, 4 N. W. 8, the contrary was held, and the case last cited is followed in *Heasley* v. *Nichols,* 38 Wash. 485, 80 Pac. 769, and in *Kendall* v. *Dunn,* 71 W. Va. 262, 76. S. E. 454, 43 L. R. A. (N. S.) 556. In *Bennett* v. *Beam,* the reasoning is that under a promise of marriage a man may so conduct himself that "any woman with even a spark of virtue or sensibility would shrink from his polluted touch," and that so it would not do to admit a subsequent offer of marriage in mitigation of damages in any case. The fallacy of the reasoning is shown in *McCarthy* v. *Heryford,* 125 Fed. 46, and is obvious. It was wisely said, in substance, by Lord Mansfield that one trouble with the law of evidence was owing to the turning of particular cases into general rules. *Cook* v. *Dowling,* 3 Doug. 76, 77.

When we consider that an engagement to marry is sometimes broken by a woman as well as by a man, and that, in theory, an action lies in either case, we are perhaps the more sensible of the injustice and impropriety of treating the delinquent in every case as a loathsome and polluted being.

The exclusion of evidence relating to the offers of marriage subsequent to the breach of promise declared on was error. The jury were entitled to consider it on the question of damages and to give it such weight, much or little, as, in all the circumstances developed in the case, they might think it ought to have.

Though the action is assumpsit damages are determined on principles which do not apply in ordinary cases of assumpsit.

The court substantially complied with a request from the defendant to the effect that though on December 13, the defendant refused to marry the plaintiff, nevertheless, if she was not then willing to marry him and then made a request of him, as stated at the outset, but for an ulterior purpose, the plaintiff could not recover.

The court then added some statements as to the willingness of either party to marry within a reasonable time after the original promise was made, if one was made. Later in con-

sidering the question of damages the court made it clear that the breach if there was one was on December 13, 1913. There was an exception to the failure of the court to comply with the plaintiff's request, but no exception to the charge as given. What the court said that went beyond the request is complained of, but the foundation for the complaint was not laid by an exception. Besides, the charge as a whole was not open to just exception in respect to the matter complained of.

The defendant offered to show that his proposal of marriage after suit brought, made through his sister, was made in good faith with the intention and desire on his part to marry and that his character and condition remained unchanged, in order to rebut the inference that this after proposal was an admission of a previous engagement. This question is presented by a ruling of the court. But the good faith of the offer could not rebut any inferences proper to be drawn from it. Whether the offer was in such terms that it tended inferentially to show the admission suggested is a question not before us.

We find no error except such as relates to the question of damages.

*Judgment affirmed except as to damages; but as to those reversed. Cause remanded.*