No. 17,313.

GREGORY *v.* SMITH ET AL.

SUPREME COURT.—*Appeal by One of Several Joint Judgment Defendants. Necessary Parties Appellants.—Dismissal.*—Under section 635, R. S. 1881 (section 647, R. S. 1894), all joint judgment defendants, in order that they be bound by the result, must be joined in an appeal taken by one of the several judgment defendants as co-appellants; otherwise, upon motion of the judgment plaintiff, the appellee, the appeal will be dismissed.

From the Boone Circuit Court.

*P. H. Dutch,* for appellant.

*C. L. Holstein* and *C. E. Barrett,* for appellees.

McCABE, J.—The appellee, Harry C. Smith, was the sole plaintiff in the court below, and his coappellees, Samuel Small, John J. Carriger, Sarah F. Carriger, Susan A. Burke, Alpheus Burke, and the appellant, Thomas Gregory, were the defendants below.

The complaint sought to foreclose a mortgage on a lot in Thorntown, Boone county, Indiana, executed to secure a promissory note for $225 and 5 per cent. attorney's fees, both of which had been executed by said Small to said John J. Carriger, which had been indorsed by Carriger, said Smith, plaintiff, being a remote indorsee. Also, a personal judgment over was sought against Small and John J. Carriger.

The other defendants below were charged with having some interest in the mortgaged real estate, which was junior and subject to the mortgage. Issues were formed upon the complaint and the cross-complaints of John J. Carriger, that of Sarah F. Carriger, that of Susan A. Burke and Alpheus Burke, and the cross-complaint of appellant, Thomas Gregory.

The trial resulted in a finding and judgment against

Gregory *v.* Smith *et al.*

Samuel Small and John J. Carriger for principal, interest and attorney's fees, amounting to $327, and a decree foreclosing the mortgage against all the defendants.

The appellant, Thomas Gregory, being one of the defendants below, appeals and assigns error, making himself the only appellant, and he makes Smith plaintiff below and all the other defendants below, appellees to his assignment of error.

The appellees, in the aforementioned assignment of errors, Susan A. Burke and Alpheus Burke, have made a separate assignment of errors, in which they are named alone as appellants, and the plaintiff below, Smith, and all the other defendants below are named as appellees, including Thomas Gregory.

Two notices of appeal have been issued by the clerk of this court at the instance of the appealing parties, one to Susan A. Burke and Alpheus Burke, notifying them that Thomas Gregory, Susan A. Burke *et al.* had filed in said clerk's office the transcript, etc., and requiring them to appear in this court, etc. The other is a notice to Smith, Small, John J. and Sarah F. Carriger and Thomas Gregory, of the filing of the transcript by Thomas Gregory, Susan A. Burke *et al.*, and requiring them to appear in this court and defend the appeal as in the case of the other notice. It thus appears that Gregory and the Burkes have been made appellants and appellees both, as far as their counsel is able to make them so, in the same case.

The appellee Smith has moved to dismiss the appeal, for the reason that all the coparties have not been properly brought before this court: 1. Because the proper notice to coparties has not been served. 2. Because the proper parties have not been made in the assignment of errors.

Section 647, R. S. 1894 (R. S. 1881, section 635), provides that "A part of several coparties may appeal; but in such case, they must serve notice of the appeal upon all the other coparties, and file the proof thereof with the clerk of the Supreme Court.    Unless they appear and decline to join, they shall be regarded as having joined, and shall be liable for their due proportion of the costs. If they decline to join, their names may be struck out, on motion; and they shall not take an appeal afterward, nor shall they derive any benefit from the appeal, unless from the necessity of the case."

It has been held that "coparties" means coparties to the judgment and not coparties plaintiff or defendant, either in the complaint or cross-complaint.    *Hadley* v. *Hill*, 73 Ind. 442.

It is essential that all persons whose interests may be affected by the judgment, on appeal, should be made parties to the appeal in some appropriate mode.    Only one appeal can be prosecuted under the provisions of the section just quoted, from a joint judgment by those who are parties to it, and yet all must be before the court to which the case is carried.    Elliott's App. Proced., section 138.

No doubt the policy and object of the statute are to give all judgment defendants in a joint judgment a full and fair opportunity to be heard on appeal, and at the same time prevent a multiplicity of appeals.    The statute treats such a judgment as a unity, no matter how many parties may be affected by it.    The·statute requiring notice to be served on all other coparties when a part of them appeal, fairly implies that the parties thus to be notified must be made parties to the appeal by name.

The question arises, then, are they to be made parties as appellants or as appellees?

The language, "unless they appear and decline to join,

Gregory *v.* Smith *et al.*

they shall be regarded as having joined, and shall be liable for their due proportion of the costs," clearly implies that they are to be regarded, in the event specified, as having joined in the appeal as appellants.   We say as appellants, because it would certainly be an anomaly for an appellee to appeal or join in an appeal.  If such a thing can be done, then it is possible for the same party to be both plaintiff and defendant, to be both appellant and appellee in the same appeal, as the counsel who is managing this appeal is attempting to accomplish.  We can not say he is appellant's counsel, because he appears for some parties who are appellees as well as appellants. The language, "if they decline to join, their names may be struck out on motion," clearly implies that such coparties names are to appear in the assignment of errors as appellants.

If their names are not to be in the assignment of errors as coappellants along with the appealing coparty, then there would be no necessity for striking out their names on their refusal to join.  The language, "and they shall not take an appeal afterwards," that is after their names are stricken out, on their refusal to join, plainly implies that they have been made coappellants with the appealing coparty, and afforded an ample opportunity of bringing forward any complaint against the judgment below they may have and have declined to so complain, and for that reason such proceeding, it is provided, bars them from ever afterwards taking an appeal.  If they have not been afforded that opportunity, then the appeal does not bar them from afterwards appealing.  If the appeal is taken in such a manner as not thus to bar all the coparties to the joint judgment; that is, the joint judgment defendants, then this court can not entertain the appeal.  This is so because the statute makes the judgment appealed from a unity as before observed, and

permits but one assault to be made upon it by way of Appeal.   Elliott's App.  Proced., section 138, and cases there cited.

It has also been held that this court can not disturb a joint judgment, unless all the coparties affected by it are properly brought before this court.   *Garside, Exx.*, v. *Wolf*, 135 Ind. 42.

It is true that all the coparties to the joint judgment below have been made parties to this appeal; some of them as both appellants and appellees, and the rest of them as appellees only.   They have all been served with the ordinary process of this court for bringing in appellees.   Waiving the question as to the kind of notice, we are led to inquire what such appellees could have done had they appeared in this court and asked to join in the appeal?   They were not made appellants, and therefore could not control or amend the assignment of errors so as to become joint appellants any more than a defendant could amend or control the complaint.   The only good the notice to them of the appeal could do would be for them to make an effort to be allowed to join therein.   Because we have seen that it is only a coappellant who is regarded by the statute as joining in the appeal by failure to appear and declining to join.   An appellee is not regarded as joining in an appeal by his failure to appear and declining to join.   This is so for the same three reasons why this court would refuse to allow an appellee to join in an appeal, namely: 1, that no court can enable a party to both assail and defend a judgment at the same time, and, 2, a party can not be both plaintiff and defendant in the same cause; and, 3, the party taking the appeal has the exclusive right to determine whom he will associate with himself as a coappellant.   This court can only visit upon him the consequences of his failure to make the proper parties appellants when proper and sea-

sonable objection is made to such failure. Therefore, making a part of the coparties against whom judgment below was rendered appellees on this appeal has clothed them with no more rights, and created no more liabilities against them than if they had not been made parties at all. If they had not been made parties no notice of appeal could have been served upon them, and without such notice the appeal would be dismissed. *Herzogg* v. *Chambers*, 61 Ind. 333; *People's Savings Bank, etc.*, v. *Finney*, 63 Ind. 460; *Cranmore* v. *Bodine*, 65 Ind. 25; *Hunter* v. *Chrisman*, 70 Ind. 439; *Couch* v. *Thomas*, 71 Ind. 286; *Hunderlock* v. *Dundee, etc., Co.*, 88 Ind. 139.

The reason of this rule is that this court can not disturb the judgment as to all or a part of the joint judgment defendants unless they are all before the court so as to make the adjudication binding upon all of them. It was within the power, and was the duty of those of the joint judgment defendants who desired to appeal, to make all the joint judgment defendants coappellants in their assignment of errors, and serve notice of the appeal on them, file it and the proof of such service with the clerk. Then, no matter whether they declined to join or not, the appeal so presented and determined would have been a complete bar to any other appeal by any other of such joint judgment defendants. But the present appeal can not bar that part of the joint judgment defendants who are not made appellants but are made appellees. This is so because those of the joint judgment defendants who have not been made appellants, though made appellees, have neither appealed from the joint judgment nor had an opportunity of joining in an appeal therefrom. And as there can be but one appeal from a joint judgment, the appeal is not here in such a manner as to authorize this court to hear it until all the joint judgment defendants have been brought before the court

in such a way as to make the adjudication binding upon all of them.

The appellee Smith, who recovered the joint judgment below, has a right to insist that this appeal shall not be heard until all the joint judgment defendants are so brought before this court as to bind them by the result. Hence he moves to dismiss the appeal which is his only remedy.

It is true that a joint assignment of errors must be good as to all that join in it. That is, the ruling decision or decisions thus jointly assigned must be injurious to all that join in the assignment thereof as error, or the assignment will be good as to none, though such ruling or decision was reversible error as to some of the parties so joining in such assignment. Elliott's App. Proced., sections 314, 318, 401, and authorities there cited.

The rule, however, that requires all joint judgment defendants below to be made co-appellants in this court, does not prevent either of them from separately assigning any one or more rulings as error. The separate assignment of error by either or each of them does not necessitate a change of the parties to the appeal as counsel seems to suppose. All the appellants remain the same, and all the appellees remain the same.

The parties seeking to prosecute this appeal, being only a part of the coparties to the joint judgment below, having failed to bring before this court all the joint judgment defendants below by making them coappellants so as to bind them by the result, they have failed to comply with the statute. The motion of the appellee Smith to dismiss the appeal must be sustained.

The appeal is therefore dismissed.

Filed Oct. 18, 1894.