Inman *v.* Vogel.

No. 17,373.

INMAN *v.* VOGEL.

APPEAL.—*Necessary Parties Appellant.—Coparties.— Dismissal of Appeal.*—A party who appeals must join as coappellants all coparties with him against whom judgment is rendered, and have notice served on them, or the appellant will have no standing in the appellate tribunal, and the appeal will be dismissed.

From the Martin Circuit Court.

*L. Stephens, F. Gwin, W. R. Gardiner, C. G. Gardiner, W. R. Gardiner, Jr.*, for appellant.

*H. McCormick, E. Inman* and *J. T. Rogers*, for appellee.

MONKS, J.—This action was brought by appellee against appellant and Mary Inman, his wife, on a note executed by appellant, and to set aside, as fraudulent, a deed of conveyance executed by appellant to his wife, and to subject the land so conveyed to the payment of

Inman *v.* Vogel.

the judgment that might be rendered on said note and the balance due on another judgment that appellee had before that time recovered against appellant. To this complaint appellant and his wife filed an answer in two paragraphs, and appellee filed a reply to the second paragraph of answer.

The court below tried the cause and by request of the appellant and his wife, made a special finding of the facts and stated the conclusions of law thereon, to which appellant alone excepted. The court found for appellee as to eighty acres of the land in controversy and for appellant's wife, one of the defendant's below, as to forty acres of the land in controversy.

The court rendered judgment on the special finding in favor of appellee and ordered that said eighty acres of real estate be sold to pay said judgment, interest, and cost.

The only error assigned by appellant is that the court erred in its conclusions of law.

Mary Inman, wife of appellant, was a coparty and codefendant to the complaint and is bound by the judgment until it is reversed or set aside. She is not made a party to this appeal, either as appellant or appellee. The statute requires such a coparty to be made a coparty to an appeal from such a judgment. R. S. 1881, section 635 (R. S. 1894, section 647).

This court held, in *Gregory* v. *Smith*, 139 Ind. 48, that "coparties" means coparties to the judgment, that is, all the parties against whom judgment is rendered, and that all such coparties must be made appellants and notice served on them or the appeal must be dismissed for want of jurisdiction; there can be but one appeal from the same judgment and all parties entitled to appeal must be joined as coappellants in the appeal. *Vordermark* v. *Wilkinson*, 39 N. E. Rep. 441, and cases cited; *Benbow* v. *Garrard*, 139 Ind. 571; *Wood* v. *Clites*,

140 Ind. 472, and cases cited; *Gourley* v. *Embree*, 137 Ind. 82.

The appeal is, therefore, dismissed.

