Lee *v.* Mozingo *et al.*

No. 17,225.

LEE *v.* MOZINGO ET AL.

| | |
|---|---|
| 143 | 667 |
| 146 | 503 |
| 143 | 667 |
| 149 | 252 |
| 151 | 246 |
| 151 | 538 |
| 151 | 539 |
| 143 | 667 |
| 153 | 314 |
| 143 | 667 |
| 154 | 394 |
| 143 | 667 |
| 167 | 551 |

APPELLATE PROCEDURE.—*Assignment of Error.*—*Doubt of Appellant as to How it Should be Made.*—*Amendment.*—Doubt of an appellant as to how an assignment of errors should be made is not a sufficient excuse for making a defective or insufficient one, under a rule of court prohibiting the amendment of an assignment, unless it appears that "due care and diligence" were used in the first instance to make the assignment complete.

SAME.—*Parties Appellant.*—*Dismissal of Appeal.*—An appeal by one of several defendants will be dismissed where the other defendants are made appellees instead of co-appellants, although they all made default, under section 647, R. S. 1894,

From the Hamilton Circuit Court.

*T. M. Butler,* for appellant.

*J. F. Neal, Fertig & Alexander,* for appellee.

McCABE, J.—The appellee Elizabeth Mozingo sued the appellant Stephen Lee, and appellees, William R. Fox, Eliza Fox, his wife, Isaiah Lee and Margaret Lee, to have a deed executed by said Fox and wife, purporting to convey certain lands in Hamilton county to said Mozingo, declared a mortgage and to foreclose the same. It appears from the complaint, that the land belonged to Fox and that he and his wife had mortgaged it to one Joseph Billhymer to secure a note of $500 and coupon or interest notes thereon, all of which had been assigned to said Isaiah Lee, who had foreclosed the same and bought in the land on his foreclosure decree; that said Stephen Lee had a junior mortgage on the same land executed by the same mortgagors; that the said Isaiah Lee was the son of Stephen Lee, and was

the nominal holder and owner only of the first mentioned notes and mortgage, his father, Stephen Lee, having furnished the money to buy it with. Just before the expiration of the year for redemption, Fox borrowed the money of Mozingo to redeem from Isaiah Lee's sale and did redeem therefrom with said money. Said Fox represented to Mozingo that there was no other lien on said real estate than said foreclosure decree and sale. To secure the money thus borrowed, Fox and wife executed the deed before mentioned to Mozingo. She made defendants to her complaint, William R. Fox, Eliza E. Fox, Stephen Lee, Isaiah Lee and Margaret Lee.

The complaint, in addition to seeking to have the deed declared a mortgage and a foreclosure of the same as a mortgage, also sought to subrogate Mozingo to the rights of Isaiah Lee in the decree of foreclosure and have the satisfaction thereof set aside, because it was, as alleged, the intention of said William R. Fox and Mozingo at the time she loaned the money as aforesaid that the lien of said decree should be continued and kept alive in her favor.

All the defendants in the complaint above named, except Stephen Lee, were defaulted. He answered, leading to issues of fact, the trial of which resulted in a special finding of facts on which conclusions of law were stated by the court. Pursuant to such conclusions the court rendered a judgment and decree in accordance with the prayer of the complaint and foreclosing the equity of redemption of all the defendants in and to said real estate. Stephen Lee, one of the defendants below alone appeals and makes the plaintiff and all his co-defendants in the circuit court appellees and none of them co-appellants.

The appellee Mozingo filed a motion to dismiss the appeal on January 8, 1895, for failure to make all the

co-parties to the judgment below co-appellants to this appeal.

The transcript and assignment of errors were filed on February 12, 1894, and the cause was submitted on April 18, 1894. On January 14, 1895, appellant filed a motion asking leave of this court to so amend his assignment of errors as to make all co-parties to the judgment below co-appellants in this court. That motion was overruled by this court on February 21, 1895, because no excuse was stated in the application why the proper assignment had not been made before the submission, except that "Said appellant says that he is now and was at the time said assignment of errors was filed, in doubt as to whether any other persons should be made parties to this appeal, except himself and Mozingo, and also whether Mozingo should be sole appellee, and the rest of said persons be joined as appellants." Rule three of this court provides among other things as follows : "Nor shall leave be granted unless it appear that due care and diligence were exercised in the first instance to make the assignment complete." Under this rule it is not a sufficient excuse for making a defective or insufficient assignment of errors that the party was in doubt about how it ought to be made.

On January 28, 1895, the appellant filed in this court a paper duly sworn to by Isaiah Lee and Margaret Lee, parties to the judgment below, who thereby entered their appearance as co-appellants in this cause waiving all irregularities in the taking of this appeal, and therein and thereby declined to join as co-appellants in this appeal, and asked that their names be stricken from the record as co-appellants.

This paper and the relief therein sought fall exactly within the principle declared in *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274. That is against the appel-

lant and his proposed amendment of the assignment of errors.

But if it were otherwise, and the appearance of Isaiah and Margaret Lee, and their waiver of the defect in leaving them out of the assignment of errors as co-appellants had the effect to put them in the assignment of errors, it would be fatally defective for want of the presence of the principal defendants below, the mortgagors, William R. Fox and Eliza E. Fox, his wife, unless a defaulted defendant has no right to appeal until his default is set aside. All the defendants below, including Fox and wife, except Stephen Lee, were defaulted as before observed.

It is contended by the appellant that it was not necessary to make a defaulted defendant below, even though judgment be rendered against him a party to the appeal, because it is contended that such defaulted defendant cannot raise any question in this court on appeal without first moving to set aside the default. And as all the defendants below, except the appellant were defaulted, and took no steps to get rid of the default, they have no right to raise any question on appeal and hence no right to appeal, therefore, it was not necessary to make them co-appellants with the appellant.

But it has been settled by this court that a defaulted defendant has a right to appeal without seeking to set aside the default and may, on such appeal, raise at least two questions, namely, the sufficiency of the facts stated in the complaint to constitute a cause of action against him, and the jurisdiction of the court. *Cochnower* v. *Cochnower*, 27 Ind. 253; *Monroe* v. *Strader*, 33 Ind. 111; *Searle* v. *Whipperman*, 79 Ind. 424; *Wilcox* v. *Monday*, 83 Ind. 335. *Bell* v. *Corbin*, 136 Ind. 269, cited by appellant is not in point, because it was only

held there that the defaulted defendant below could not except to conclusions of law or move for a new trial.

The failure to make the co-parties to the judgment below all co-appellants with the appellant was a failure to comply with the requirements of the statute in such cases. Burns R. S. 1894, section 647; R. S. 1881, section 635. We have recently held that making them appellees is no better than not making parties at all. *Gregory* v. *Smith*, 139 Ind. 48. As all parties affected by the judgment have a right to appeal and as there can be but one appeal from the same judgment, the failure to make all persons against whom the judgment is rendered parties to the appeal as co-appellants, is a failure to place the case within the jurisdiction of this court. *Hutts* v. *Martin*, 131 Ind. 1; *Gregory* v. *Smith*, *supra*; *Vordermark* v. *Wilkinson*, 142 Ind. 142.

The motion to dismiss the appeal for want of jurisdiction must be sustained.

The appeal is, therefore, dismissed.

Filed October 10, 1895; petition to reinstate overruled January 31, 1896.