## ABSHIRE ET AL. *v.* WILLIAMSON.

[No. 18,055.   Filed January 6, 1898.]

APPEAL AND ERROR.—*Jurisdiction of Parties.*—The Supreme Court will not proceed to adjudicate an action until jurisdiction has been acquired over all the parties whose rights or interests will be necessarily affected by its judgment.  *p. 252.*

SAME.—*Parties.—Dismissal of Action.*—The Supreme Court will dismiss a cause on its own motion where the parties necessary to a complete determination of the action are not brought into court.  *p. 252.*

SAME.—*Parties.—Same Rule Applies to Coparties as to Adverse Parties.*—The consequences which follow the omission of an appellant to comply with the law relative to bringing coparties before this court are the same upon his failure to observe the rule in regard to adverse parties.  *p. 253.*

From the Wells Circuit Court.  *Appeal dismissed.*

*Wilson & Todd*, for appellants.

*Dailey, Simmons & Dailey*, for appellee.

JORDAN, J.—The appellee herein commenced this action in the lower court, making Samuel and Florence B. McCluney, Henry D. Mumert, Peter Nutter, C. Bert Abshire, Christian Blody, and William H. Ernst, auditor of Wells county, Indiana, defendants thereto. The purpose of the suit was to recover a personal judgment of some of the defendants, and obtain a decree foreclosing a mortgage, and declaring the lien thereof to be senior to certain other mortgages held by some of the defendants.   The defendant Ernst, as county auditor, appeared and filed an answer and cross-complaint.   He made the plaintiff, Williamson, and all of his codefendants, defendants to the cross-complaint. By this cross-action it was sought to foreclose a certain school fund mortgage against all who were made defendants to the cross-action, and to determine and adjust certain liens which they claimed to hold and have against the mortgaged premises, the latter being

the same land as that embraced in the mortgage of the plaintiff. The defendant Abshire appeared and answered the plaintiff's complaint, and also filed a cross-complaint, making the plaintiff and all of his codefendants defendants thereto. . By his cross-complaint Abshire sought to recover a personal judgment, and a decree foreclosing certain mortgages on the same lands. The defendant Blody answered the cross-complaint of Abshire by the general denial and plea of payment, etc. Ernst, the auditor, demurred to the cross-complaint of Abshire, which demurrer was overruled, and he then filed his answer thereto. Abshire demurred to the second, third, fourth, and fifth paragraphs of Blody's answer to his cross-complaint, which demurrer was overruled, and he excepted, and then replied to the answer of Blody. Abshire also unsuccessfully demurred to the cross-complaint of Ernst, as auditor, and thereupon filed his answer to said cross-complaint. Ernst, as auditor, filed an answer to the cross-complaint of Abshire. Samuel and Florence B. McCluney, Henry D. Mumert, and Peter Nutter seem to have been defaulted. The issues being joined between the plaintiff and Abshire on the complaint of the former and the cross-complaint of the latter, and also between Abshire, Blody, and Ernst, as auditor, on the respective cross-complaints and answers, the cause was submitted to the court for trial, and the court made a special finding, and stated its conclusions of law, and rendered the judgment and decree which appellant seeks to reverse. The judgment was in favor of the plaintiff, Williamson, on the notes and mortgage mentioned in his complaint, and against the defendants, McCluney and McCluney, Mumert, Abshire, and Blody, and in favor of the State of Indiana, on the school fund mortgage, set up in the cross-complaint of Ernst, auditor, as against Abshire and Blody. for

$309.75, and against all of the parties on a foreclosure of said mortgage. It was further adjudged and decreed by the court that as between Abshire and Blody the mortgaged premises should not be subjected to the lien of the plaintiff, Williamson, and as between Abshire and Blody, the former should pay off and discharge each and all of the liens on the land in question existing in favor of the plaintiff and in favor of the State on the school-fund mortgage, and that the property, real and personal, of Abshire, should be first exhausted in the payment thereof; and it was further adjudged that Abshire take nothing on the three notes signed by Samuel and Florence B. McCluney, being the notes set up by him in his cross-complaint; and it was adjudged that his codefendants, together with the plaintiff, recover of him their cost laid out and expended. Abshire is the only party who moved for a new trial, and the only one who has appealed from the judgment and assigned error in this court, and Williamson is the only party made an appellee to this appeal.

Appellant Abshire bases his fifth, sixth, seventh, and eighth assignments of error on the action of the court in overruling his demurrer to the second, third, fourth, and fifth paragraphs of Blody's answer to the cross-complaint of said appellant. The ninth assignment is based on the court's decision in overruling appellant's demurrer to the cross-complaint of Ernst, auditor. By other allegations in his assignment of error he complains of certain other rulings of the court made against him in favor of Ernst and Blody. Appellant has made Samuel and Florence B. McCluney, Mumert, Nutter, Blody, and Ernst (auditor of the county of Wells, in the State of Indiana), co-appellants in his appeal, and has notified each of said parties to either join him or decline to join as ap-

pellants therein. Blody has appeared specially and moved to dismiss the appeal, upon the ground that he ought to have been made an appellee and notice given to him as appellee, all of which appellant Abshire has failed to do. The State of Indiana, on the relation of William H. Ernst, auditor, comes by Geo. W. Studabaker, successor in office, and declines to join in the appeal, and asks that the judgment of the court be affirmed. Mumert also declines to join in the appeal, and moves that it be dismissed.

It is insisted by counsel for Blody that under the issues upon the pleadings in the case, and according to the judgment rendered, the former was an adverse party to Abshire in the lower court, and under the assignment of error is an adversary of Abshire in this court, and consequently he ought to have been made an appellee, and served with notice as such. It is evident that under the issues in this action as joined between Blody and Abshire, and between the latter and the State of Indiana on the relation of Ernst, auditor, on the several cross-complaints and answers, that each of these parties were adverse to Abshire, in the lower court, upon these issues, and that the interests of both Blody and the State were rendered hostile to Abshire by the judgment and decree of the court. It is also manifestly true that under the assignment of errors both continued to be adversaries of the appellant Abshire in this court. As against Abshire, the State of Indiana (which seems to have prevailed, and recovered a judgment against all the parties below), and Blody as well, are benefitted by the judgment of which Abshire complains, and are each interested, at least as against the latter, in maintaining the judgment as rendered; while on the other side, Abshire is interested, not only as against Williamson, the sole appellee herein, but also as against Blody and the

State, in securing a reversal of the judgment. It is clear, then, under these conditions, in order that there may be a proper and complete adjudication of the questions involved, that neither Blody nor the State should be made to occupy the position of co-appellants, but must be joined as appellees; and, as the appeal is one taken in vacation, they should be served with notice as such appellees, and the appeal perfected within the time allowed by the statute. With this rule of appellate procedure, it appears that the appellant has not complied, and the question raised by such failure relates to our jurisdiction; for it is a fundamental rule in jurisprudence that before any court will proceed to adjudicate upon the subject matter, it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment. Not having the power, under the facts, to decide this cause as an entirety, unless all of the necessary parties are brought into court as required by law, therefore we will not violate the well settled rule which forbids the decision of a cause in fragments, by asserting authority to make a partial decision in this case, which must be regarded as an entire and indivisible cause, but may, and properly should, dismiss the appeal on our own motion. See Elliott's App. Proced., sections 139, 140, 144, 154, 155, 157, 161, 162; *Vordermark* v. *Wilkinson*, 142 Ind. 142; *Holloran* v. *Midland R. W. Co.*, 129 Ind. 274; *Hutts* v. *Martin*, 131 Ind. 1; *Lee* v. *Mozingo*, 143 Ind. 667; *Lilly* v. *Somerville*, 142 Ind. 298.

Appellant in this case has taken no steps, nor made any efforts, within the time fixed by the statute for taking appeals, to bring all the necessary parties properly before this court, and such failure, as a general rule, will operate to dismiss an appeal. *Holloran* v. *Midland R. W. Co., supra;* Elliott's App. Proced., section 162.

The consequences which follow the omission of an appellant to comply with the law relative to bringing coparties before the court must be the same upon his failure to observe the rule in regard to adverse parties.

For the reasons given the appeal is hereby dismissed at the cost of appellant Abshire.