## PAXTON, RECEIVER, *v.* TYLER.

[No. 2,678. Filed April 19, 1898. Rehearing denied June 16, 1898.]

APPEAL AND ERROR.—*Parties.—Decedents' Estates.*— Pending the approval of a final report of the administrator of a decedent's estate, showing the estate to be insolvent, the wife of decedent filed a petition asking that a sum of money theretofore paid by her on certain claims against the estate be paid her by the administrator. The court, at the request of the administrator and petitioner, and also appellant, a creditor of the estate, made a special finding of the facts, stated conclusions of law thereon and rendered judgment in favor of petitioner, from which the creditor appealed. *Held,* that the administrator was a necessary party to the appeal,

From the Knox Circuit Court. *Appeal dismissed.*

*W. H. DeWolf,* for appellant.

*William F. Townsend* and *John Wilhelm,* for appellee.

COMSTOCK, J.—John W. Emerson, administrator of the estate of Wilson M. Tyler, deceased, filed in the office of the clerk of the Knox Circuit Court his final report as such administrator.

The estate was insolvent. Pending the approval of said report,—the appellee, one of the distributees of said estate, filed her petition asking that a sum of money theretofore paid by her on certain claims against said estate be paid to her by the administrator. The appellant appeared to the petition and upon leave of court demurred to the petition on the ground that it did not state sufficient facts. The demurrer was over-ruled and appellant excepted and answered the peti-tion by general denial. At the request of the admini-strator, appellant, and the appellee, the court made a special finding of facts, and stated conclusions of law thereon. Appellant excepted to the conclusions of law, and appealed to this court.

The court stated as conclusions of law; (1) That the final report of the administrator should be approved. (2) That appellee was entitled to have and recover the distributive shares of appellant, of the Fourth Na-tional Bank of Cincinnati, O., of the State National Bank of Terre Haute, and of Franklin Clark, paid to her. (3) That the total amount for distribution in the hands of the administrator was $20,486.22, which should be distributed as follows: To Margaret E. Tyler, $20,398.42; Joseph Peibles, $54.37; J. Shilletto & Co., $30.43; C. H. Debolt, $3.00. The court rendered judgment approving said final report, and directed distribution in accordance with the finding. The only parties to this appeal are Paxton, appellant, and Mar-garet E. Tyler, appellee. No attempt has been made to make any other person a party.

Appellee moves to dismiss the appeal upon a num-ber of grounds. We deem it necessary to refer only to the first and second. The first ground of the motion is that the administrator of the estate is not a party to the appeal; second, because the State Na-tional Bank of Terre Haute, the Fourth National

Bank of Cincinnati, Shilletto & Co., Joseph Peibles and C. H. Debolt are not parties to the appeal. Appellee claims that they are all necessary parties to the appeal. The judgment is against the administrator, for the distribution of the balance in his hands to the parties hereinbefore named. The judgment is unappealed from. It does not appear from the record before us that he has any notice of this appeal.

Judge Elliott, in his Appellate Procedure in section 138, says: "It is essential that all persons whose interests may be substantially affected by the judgment on appeal should be made parties to the appeal in some appropriate mode. * * * Only one appeal can be prosecuted from a joint judgment by those who are parties to it, and yet all must be before the court to which the case is carried. But, while all the parties to a joint judgment must be brought in on an appeal, they need not be brought in as consenting parties but they may be notified, and if notified, they are before the court, whether they expressly join or refuse to join in the appeal." In section 140 of the same work it is said: "While it is safe to affirm that all persons included in a joint judgment must be parties to the appeal, it is not safe to say that only such persons must be parties to the appeal, for there may be cases where the decree or judgment is not strictly a joint one in which all the parties are so affected by it as to be necessary parties to the case on appeal. * * * So where a fund is in court for distribution the claimants of the fund may, in some instances, be affected by a judgment awarding part of it to some of their number, and if so, all affected should be parties, for their rights cannot be justly adjudicated without their presence as parties." *Hunderlock* v. *Dundee Mortgage and Trust Co.*, 88 Ind. 139, was a suit upon a note, and to foreclose a mortgage upon real estate given to secure the same. The mort-

gage was executed by one Snyder to one Mitchell, who transferred the notes and mortgage to John Hunderlock, plaintiff in the action. The Dundee Mortgage and Trust Company held a junior mortgage on the same land. From the judgment of the lower court, plaintiff appealed, without making Snyder and his wife parties to the appeal. In passing upon the motion to dismiss the appeal, the Supreme Court said: "Appellee has moved to dismiss this appeal because of the appellant's failure to make Snyder and wife parties to the proceedings upon it in this court. No case has been cited in support of this motion, which is, in all respects, in point as a precedent, and, so far as we are advised, the precise question presented by the motion is one of first impression in this court. But it is an elementary rule in appellate proceedings that all the parties to, and affected by, the judgment appealed from must be, actually or constructively, included in the appeal, upon the principle that those only before the appellate court are bound by the appeal, and that hence the inclusion of all the parties to the judgment appealed from is necessary to confer complete jurisdiction upon the latter court. Any other rule might result in the prosecution of two or more appeals from the same judgment, thus requiring the appellate court to review the same proceedings a second or greater number of times without having at any given time jurisdiction of all the parties to the judgment, and, consequently, with only limited jurisdiction over the subject matter of the appeal."

In *Beaty* v. *Voris*, 138 Ind. 265, an administrator petitioned for an order to sell land to satisfy an allowed claim secured by a lien on the land, and other creditors being made parties thereto upon their own motion, filed a cross-complaint to which the claimant was made a party. Issues were joined on the cross-

complaint. The trial resulted in a judgment therein against the claimant, setting aside and disallowing the claim. The court held that an appeal from such findings was governed by the decedent's estate act and that the administrator of the decedent was a necessary party to the appeal. See, also, *Koons* v. *Mellett*, 121 Ind. 585; *Hutts* v. *Martin*, 131 Ind. 1; *Brown* v. *Trexler*, 132 Ind. 106; *Garside* v. *Wolf*, 135 Ind. 42; *Gregory* v. *Smith*, 139 Ind. 53; *Bozeman* v. *Cale*, 139 Ind. 190; *Cooper* v. *Peterson*, 7 Ind. App. 411.

It is clear, under the authorities cited, that the administrator is a necessary party to the appeal. It is not therefore necessary to pass upon the other grounds of the motion. Appeal dismissed.