Michigan Mutual Life Insurance Co. v. Frankel.

## MICHIGAN MUTUAL LIFE INSURANCE COMPANY *v.* FRANKEL.

[No. 18,174. Filed April 28, 1898. Rehearing denied Nov. 29, 1898.]

APPEAL AND ERROR.— *Term Time Appeal.*— Where an appeal was asked and granted during the term at which the final judgment was rendered, and the amount of the appeal bond fixed, but the time of filing the bond was not fixed, and such bond was not filed in term, and the transcript was not filed in the Supreme Court for more than four months after the denial of the application for a new trial, such appeal is not a term time appeal. *pp. 536-538.*

SAME.—*Parties.—Jurisdiction.*—The Supreme Court has no jurisdiction of an appeal from a judgment obtained by appellee against appellant and her husband setting aside a deed of conveyance of appellee's real estate, made by appellee and her husband in satisfaction of an indebtedness of the latter, where the husband is not made a party to such appeal, although the husband was defaulted in the court below, and made no defense to the action. *pp. 538, 539.*

DISMISSAL.—*Motion.—Time of Filing.*—The fact that appellee did not move to dismiss a cause until after the submission of same and the filing of her brief upon the merits of the action does not amount to a waiver or a bar to such dismissal. *p. 539.*

From the Hamilton Circuit Court. *Appeal dismissed.*

*Holtzman & Leathers*, for appellant.

*M. E. Clodfelter* and *Fertig & Alexander*, for appellee.

JORDAN, J.—This action was commenced by the appellee, against her husband, Jacob Frankel, and the Michigan Mutual Life Insurance Company, in the superior court of Marion county. The purpose of the suit was to set aside a deed executed by the plaintiff and her said husband to his codefendant, whereby

they purported to convey to the latter certain de-
scribed real estate in the city of Indianapolis, owned
by the plaintiff, and to quiet her title against both
of the defendants to the real estate in controversy.
The complaint is in four paragraphs. The first al-
leges possession and ownership of the realty in the
plaintiff, and avers that the defendants assert an ad-
verse claim or title to the same, and the prayer is that
the plaintiff's title be quieted. The others allege that
the execution of the deed in dispute was procured
by the fraud and deceit of the defendants, and the re-
lief sought is to set aside the conveyance and to quiet
title to the land. The defendant, Jacob Frankel,
made default to the complaint in the superior court,
and subsequently, on motion, the cause was venued
to the Hamilton Circuit Court, wherein the issues
were joined upon the several pleadings filed; and a
trial resulted in a special finding in favor of the
plaintiff, and recovery by her of a judgment against
the defendants setting aside the deed of conveyance,
and quieting her title as against both defendants,
and adjudging a lien in favor of appellant on the
real estate, as against the appellee and her said hus-
band, on account of street improvements and other
liens against the real estate paid by the appellant;
and a foreclosure of the said lien was ordered by the
court, as a part of its judgment. From this judgment,
appellant alone appeals, without notifying Jacob
Frankel and making him a co-appellant, as required
by section 647, Burns' R. S. 1894 (635, R. S. 1881), and
for this failure upon the part of the appellant, appel-
lee moves to dismiss the appeal. Counsel for appel-
lant contend that this motion should not be sustained
for the following reasons: First, that the appeal is a
term-time appeal, and therefore, under the provisions
of the act of 1895 (Acts 1895, p. 179), it was not neces-

Michigan Mutual Life Insurance Co. *v.* Frankel.

sary to notify or make Jacob Frankel a co-appellant; second, that it does not appear that said Frankel had any interest in the real estate in common with the appellant, and that the judgment quieting appellee's title against him is merely surplusage, and consequently he has no appealable interest, and cannot be affected by any judgment that may be rendered in this appeal by this court; third, that the motion of appellee to dismiss was not seasonably filed, and therefore she has waived her right to demand that the appeal be dismissed.

An examination of the record reveals that on July 13, 1896, the same being the last judicial day of the April term of the Hamilton Circuit Court, that court made its special finding in the cause, and rendered the judgment thereon in favor of the plaintiff against the defendants, as heretofore stated. On the first day of the next term of that court, the same being September 7, 1896, appellant filed its motion for a new trial, which the court on that day overruled; and appellant then applied for a new trial under the statute as a matter of right. On the 29th day of September, 1896, which was the twentieth judicial day of the September term, this application was denied, and sixty days were granted to file a bill of exceptions; and the record discloses the following entry: "And the defendant prays an appeal to the Supreme Court, which is granted, and the bond fixed at $300.00, to be filed herein, properly conditioned with the American Surety Company as surety, and said bond is to be approved upon such condition." The record does not show that any appeal bond was filed in term, or that any time was fixed by the court for the filing thereof. The transcript was not filed in this court until February 6, 1897, more than four months after the application for a new trial as a matter of right was denied,

and the penalty and surety fixed and approved, by the court. It is evident, under these circumstances, that this is not a term-time appeal. Section 650, Burns' R. S. 1894 (638, R. S. 1881), which pertains to appeals during term, provides: "When an appeal is taken during the term at which judgment is rendered, it shall operate as a stay of all further proceedings on the judgment, upon an appeal bond being filed by the appellant, with such penalty and surety as the court shall approve, and within such time as it shall direct. * * * The transcript shall be filed in the office of the clerk of the Supreme Court within sixty days after filing the bond."

The statute provides the steps which must be taken in order to effect a term-time appeal, and thereby relieve the appellant from giving the notice required by law in vacation appeals. The penalty of the appeal bond must be fixed and the surety named and approved by the court during the term at which the final judgment is rendered, and the bond, conditioned according to law, must be filed within the time directed by the court. Where, in the opinion of the court, the occasion or circumstances render it necessary, the time in which the court directs the bond to be filed may extend beyond the close of the term. In all term-time appeals, however, it is essential and requisite to render the same effective as such, that a bond be filed within the time designated by the court, and the transcript must be filed in the office of the Clerk of the Supreme Court within sixty days after filing the bond. Where no bond is filed, the appeal must be considered a vacation appeal, and notice must be given, as provided by the statute in such appeals. *Holloran* v. *Midland Railroad Co.*, 129 Ind. 274; *McKinney* v. *Hartman*, 143 Ind. 224; Elliott's App. Proc., sections 247, 248. In the case at bar, as

we have seen, no time appears to have been fixed at
the September term, at which the motion for a new
trial was overruled, for filing an appeal bond, nor
does the record disclose, so far as we have been able
to ascertain, the filing of such a bond. Under such
circumstances, the appeal must be deemed to be noth-
ing more than a vacation appeal, and hence is not
controlled by the provisions of the act of 1895, *supra.*

In response to appellant's second ground of in-
sistence, it is sufficient to say, that the appellee in her
complaint demanded and secured a judgment jointly
against both of the defendants, and the special find-
ing discloses that the deed for the land to appellant
was obtained from her through the wrong of both
defendants; and it further appears from said finding
that the defendant, Jacob Frankel, was benefited by
the conveyance in dispute, for the reason that it re-
sulted in the satisfaction to the amount of $3,000
of an indebtedness of his, held against him by appel-
lant. This deed of conveyance, the judgment below,
as heretofore stated, set aside and quieted plaintiff's
title against the defendants to the real estate which
the deed purported to convey. Certainly, under the
facts, Jacob Frankel is affected by the judgment
which appellant seeks by this appeal to overthrow,
and he would necessarily be affected in his substan-
tial rights by the judgment of this court. The fact
that he was defaulted in the lower court does not af-
fect the question, for he was still entitled to his right
of appeal, regardless of his default, and on such ap-
peal he could at least challenge the sufficiency of the
complaint and the jurisdiction of the court. *Lee* v.
*Mozingo,* 143 Ind. 667, and cases there cited. In order,
therefore, to give this tribunal complete jurisdiction
over the cause, it is clear that appellant ought to have

made him a co-appellant herein, and notified him, as provided by section 647, *supra.*

The fact that appellee did not move to dismiss this appeal until after the submission of the cause in this court and the filing of her brief upon the merits of the action cannot serve as a waiver nor a bar to the dismissal of the appeal. We are aware that some of the early decisions of this court, for instance, *Field* v. *Burton*, 71 Ind. 380, and *Burk* v. *Simonson*, 104 Ind. 173, 54 Am. Rep. 304, and others, support the contention of appellant in this respect; but these decisions, on this point, have been impliedly overruled by the later cases, which hold that the question is one relating to jurisdiction, and is therefore a matter which neither the parties to the appeal nor the court itself can waive or disregard, and the court may, and properly should, dismiss such appeal on its own motion for want of jurisdiction. See *Hutts* v. *Martin*, 131 Ind. 1; *Vordermark* v. *Wilkinson*, 142 Ind. 142; *Lee* v. *Mozingo*, *supra; Lowe* v. *Turpie*, 147 Ind. 652; *Abshire* v. *Williamson*, 149 Ind. 248, and authorities there cited.

In the case last cited we said: "It is a fundamental rule in jurisprudence that before any court will proceed to adjudicate upon the subject-matter, it must first acquire jurisdiction over all the parties whose rights or interests will be necessarily affected by its judgment. Not having the power, under the facts, to decide this cause as an entirety, unless all of the necessary parties are brought into court, as required by law, therefore we will not violate the well settled rule which forbids the decision of a case in fragments, by asserting authority to make a partial decision in this case, which must be regarded as an entire and indivisible cause, but may, and properly should dismiss the appeal on our own motion." The motion must be sustained, and the appeal is therefore dismissed.