Owen *v.* Dresback.

## OWEN ET AL. *v.* DRESBACK.

[No. 19,139. Filed Jan. 26, 1900. Rehearing denied March 28, 1900.]

APPEAL AND ERROR. — *Vacation Appeal.—Parties Appellant.*—An appellant in a vacation appeal must join all of his co-parties or the appeal will be dismissed. *p. 394.*

SAME.—*Record.—Judgment.—Recital.*—A recital at the beginning of a finding and judgment that the action had been dismissed as to certain parties is overcome by the statement in the record of the facts to the contrary. *pp. 394-396.*

From the Grant Circuit Court.  *Appeal dismissed.*

*A. E. Steele, J. A. Kersey, Knight & Brown, R. O. Hawkins* and *H. E. Smith,* for appellants.

*W. D. Lett, W. E. Haisley* and *A. DeWolf,* for appellee.

BAKER, J.—Owen began this suit against the Chicago, Indiana and Eastern Railway Company to enforce a lien upon its property, and made Dresback, Shultz, Shultz and Shultz, the Illinois Trust and Savings Bank, trustee, and others, parties defendant to answer as to their interests. Dresback filed a cross-complaint to enforce a lien against the lands of the railway company, alleging therein that the Illinois Trust and Savings Bank as trustee, Charles S. Owen, Charles Wilhour, William W. Shultz, James M. Shultz, Alexander

Shultz, Quile Horton, Samuel L. Howard and J. S. McNair severally claimed to have liens upon the railroad and that his lien was prior and superior to any claim or interest of any of them.   Shultz, Shultz and Shultz, and the other parties filed answers to Dresback's cross-complaint.   The complaint and the cross-complaints of the other parties were dismissed, and the cause was determined upon the cross-complaint of Dresback and the answers thereto.   After the submission and while the court had the case under advisement, Shultz, Shultz and Shultz filed a petition showing to the court that they were partners doing business under the firm name of Shultz Brothers, and that in January, 1897, Charles L. Boyd had been appointed and had qualified as receiver for the firm, and asked that he be substituted as a party in the cause in the place of the partners.   Upon the consent of the other parties being filed, the court ordered that receiver Boyd be declared a party defendant and cross-complainant in the place of Shultz, Shultz and Shultz. The court found that the claim of Dresback was a lien upon the railway company's land, and judgment was rendered directing the lands to be sold by the sheriff "and the proceeds applied to the payment of cross-complainant Lewis C. Dresback's claim and costs, and the balance after paying claim and costs be paid to the clerk of this court for the use of the party lawfully authorized to receive the same". Separate motions of the Illinois Trust and Savings Bank, trustee, the Chicago, Indiana and Eastern Railway Company and Charles S. Owen for a new trial were overruled, and these parties prayed an appeal.   But a term-time appeal was not perfected.   The record discloses that the judgment was rendered June 26, 1897; motion for a new trial overruled June 27, 1897; no bond filed; notice of appeal to all parties, including Charles L. Boyd, receiver, served December 30, 1897; transcript filed in this court February 16, 1898; Charles L. Boyd or Charles L. Boyd, receiver, not named in the assignment of errors.

Appellee contends that the appeal must be dismissed.   By

Owen *v.* Dresback.

the appointment of the receiver for the partnership of Shultz Brothers the affairs of the firm were taken out of the hands of the partners. The receiver, on being substituted as a party in this cause, represented the interests of the firm and Shultz Brothers ceased to be parties. The judgment of the court that appellee's claim was a lien upon the lands of the railway company and that the lands be sold and appellee's claim and costs be first paid and the balance be brought into court for those authorized to receive it, was necessarily a judgment that appellee's lien was superior to all others and was a judgment against the receiver from which he had a right to appeal. It bound the receiver of Shultz Brothers in the same manner and to the same extent it bound Owen and all other parties who denied the paramountcy of appellee's lien. In *McKee* v. *Root*, 153 Ind. 314, this court said: "It is settled law that, to give this court jurisdiction of this appeal, the same being a vacation, and not a term-time appeal, appellants should have made all their co-parties to the judgment co-appellants with them in this court, and for their failure to do so the appeal must be dismissed." This principle is supported by the following authorities: *Brown* v. *Trexler*, 132 Ind. 106; *Gourley* v. *Embree*, 137 Ind. 82; *Gregory* v. *Smith*, 139 Ind. 48; *State* v. *Hodgin*, 139 Ind. 498; *Benbow* v. *Garrard*, 139 Ind. 571; *Wood* v. *Clites*, 140 Ind. 472; *Inman* v. *Vogel*, 141 Ind. 138; *Vordermark* v. *Wilkinson*, 142 Ind. 142; *Denke-Walter* v. *Loeper*, 142 Ind. 657; *Lee* v. *Mozingo*, 143 Ind. 667; *Shuman* v. *Collis*, 144 Ind. 333; *Midland R. Co.* v. *St. Clair*, 144 Ind. 363; *Roach* v. *Baker*, 145 Ind. 330; *Stults* v. *Gibler*, 146 Ind. 501; *Abshire* v. *Williamson*, 149 Ind. 248; *Crist* v. *Wayne, etc., Assn.*, 151 Ind. 245; *Michigan, etc., Ins. Co.* v. *Frankel*, 151 Ind. 534; Ewbank's Manual, §146.

Appeal dismissed.

## On Petition for Rehearing.

Baker, J.—On behalf of the railway company, counsel urge that the dismissal was erroneous. Counsel admit that

on the statement of the case as made in the opinion this court had no jurisdiction of the appeal. They contend, however, that the statement is incorrect and that the record discloses that the railway company was the sole defendant to the judgment in favor of Dresback. If such were the record, counsel who filed the transcript were in error in making Owen and the Illinois Trust and Savings Bank parties appellant; and they recognize the logic of their position by omitting those appellants from this petition. The contention that the court's statement is wrong is based on a recital at the beginning of the finding and judgment: "Charles S. Owen v. Chicago, Indiana and Eastern Railway Company et al., No. 7528. Judgment on Dresback's claim. Come now Lewis C. Dresback by his attorney, Austin DeWolf, and the Chicago, Indiana and Eastern Railway Company by John A. Kersey, its attorney, *the said action having been dismissed as to all other parties of record without prejudice to the said Lewis C. Dresback,* and the court, having heard the evidence in the case and being sufficiently advised in the premises, finds," etc. Then follows the finding and judgment as stated in the opinion. Counsel insist that the court must have overlooked the italicized recital. After a careful consideration of every word in the record, a condensed statement was given, in the opinion, of the facts on which the question of jurisdiction rests. There are two reasons why the recital is ineffective to dismiss the cross-complaint of Dresback as to all defendants thereto except the railway company, that seemed so obvious that it was not thought necessary to set forth the record in greater detail. In the first place, the recital, under the caption of Owen against the railway company and others, does not recite that anything had been dismissed except Owen's action. In the second place, even if the recital was that Dresback had dismissed his cross-action as to all defendants thereto except the railway company, the recital would be ineffective unless the record were otherwise silent as to what the recited dismissal actually was; but, if the record

affirmatively disclosed what was actually dismissed, the record of what was done would overcome any later recital of what had been done. *Hawkins* v. *Hawkins*, 28 Ind. 66; *Coan* v. *Clow*, 83 Ind. 417. The issues made upon Owen's complaint and upon all the cross-complaints were together submitted to the court for trial. After the evidence upon all these issues had been heard and the court had taken its decision under advisement, Owen dismissed his action and all the cross-complainants except Dresback dismissed their cross-actions. But they certainly did not thereby dismiss themselves out of court as defendants to Dresback's cross-action. Dresback did not dismiss as to any of them; and none withdrew his answer to Dresback's cross-complaint and filed a disclaimer. So the record remains as stated that "the cause was determined upon the cross-complaint of Dresback and the answers thereto"; and counsel correctly understood the record when they appealed on behalf of Owen and the Illinois Trust and Savings Bank.

Rehearing denied.