### EVERETT, GUARDIAN, v. FOUTS ET AL.

[No. 3,791.   Filed May 17, 1901.]

APPEAL AND ERROR.—*Parties.*—*Vacation Appeal.*—Where in a vacation appeal the appellant does not make the coparties to the judgment from which the appeal is taken co-appellants the appeal will be dismissed.

From the Tippecanoe Circuit Court. *Appeal dismissed.*

*F. B. Everett, T. Everett* and *C. M. Bright,* for appellant.
*J. C. Blacklidge, C. C. Shirley* and *C. Wolf,* for appellees.

HENLEY, C. J.—This was a vacation appeal. Appellant did not make the coparties to the judgment from which this appeal is taken co-appellants. This was necessary. In the case of *Owen* v. *Dresback,* 154 Ind. 392, the Supreme Court said: "In *McKee* v. *Root,* 153 Ind. 314, this court said: 'It is settled law that to give this court jurisdiction of this appeal, the same being a vacation, and not a term-time appeal, appellants should have made all their coparties to the judgment co-appellants with them in this court, and for their failure to do so the appeal must be dismissed.' This principle is supported by the following authorities: *Brown*

v. *Trexler,* 132 Ind. 106; *Gourley* v. *Embree,* 137 Ind. 82; *Gregory* v. *Smith,* 139 Ind. 48; *State* v. *Hodgin,* 139 Ind. 498; *Benbow* v. *Garrard,* 139 Ind. 571; *Wood* v. *Clites,* 140 Ind. 472; *Inman* v. *Vogel,* 141 Ind. 138; *Vordermark* v. *Wilkinson,* 142 Ind. 142; *Denke-Walter* v. *Loeper,* 142 Ind. 657; *Lee* v. *Mozingo,* 143 Ind. 667; *Shuman* v. *Collis,* 144 Ind. 333; *Midland R. Co.* v. *St. Clair,* 144 Ind. 363; *Roach* v. *Baker,* 145 Ind. 330; *Stults* v. *Gibler,* 146 Ind. 501; *Abshire* v. *Williamson,* 149 Ind. 248; *Crist* v. *Wayne, etc., Assn.,* 151 Ind. 245; *Michigan, etc., Ins. Co.* v. *Frankel,* 151 Ind. 534; Ewbank's Manual, §146."

Appeal dismissed.