CONTINENTAL INSURANCE COMPANY v. GUE ET AL.

[No. 7,558.    Filed April 18, 1912.    Rehearing denied October 12, 1912.]

1. APPEAL.—*Right of Appeal.*—The right of appeal is granted only by statute, and must be invoked and presented in the manner and form provided by statute. p. 233.

2. APPEAL.—*Vacation Appeal.*—*Parties.*—A vacation appeal must be taken pursuant to §674 Burns 1908, Acts 1899 p. 5, and, in order to bring the appeal within the jurisdiction of the court, all coparties to the judgment, or judgment defendants, must be joined as appellants, and if not so joined the appeal must be dismissed. p. 233.

3. APPEAL.—*Parties.*—*"Coparties."*—"Coparties," as used in §674 Burns 1908, Acts 1899 p. 5, providing for notice to coparties where a part of several coparties appeal, means coparties to the judgment, or all the parties against whom the judgment is rendered. p. 234.

4. APPEAL.—*Right of Appeal.*—*Necessary Party.*—*Dismissal.*—Where, in an action on a fire policy, it was shown by the policy that the company's codefendant had an interest in the property destroyed, although the complaint alleged that she had no interest and her answer admitted such averment, she was a necessary party defendant in the lower court, and, being a judgment defendant, was a necessary party appellant on appeal, and failure to make her such requires a dismissal of the appeal for want of jurisdiction. p. 235.

From Martin Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Clyde Gue against the Continental Insurance Company and another. From a judgment for plaintiff, the defendant insurance company appeals. *Appeal dismissed.*

*Carlos T. McCarty,* for appellant.
*Frank E. Gilkison,* for appellee.

ADAMS, J.—Appellant issued its policy of insurance to Clyde Gue and Louisa Gue, as owners of a certain dwelling-house and contents, indemnifying them for a certain term against loss or damage by fire. Within the life of the policy, the house was wholly destroyed by fire, and this action was instituted by Clyde Gue against appellant and Louisa Gue.

The facts relating to the contract of insurance, the loss and proof of loss, are all set out in the complaint. It is also averred that at the time the insurance was written, and at the time the building was destroyed, plaintiff, Clyde Gue, was the sole owner of such building.

In his complaint, plaintiff only sought to recover for the loss of the building, and averred that Louisa Gue had no interest therein, and that she was made a party defendant to answer for any interest which she might have or claim to have. Defendant Louisa Gue, who was the step-mother of plaintiff, appeared in person and filed answer, wherein she admitted the truth of the averments of the complaint. As to defendant insurance company, the cause was put at issue by answers and replies, and submitted to a jury. Verdict and judgment for plaintiff against said company in the sum of $346.01, and against Louisa Gue, that she had no interest in the property destroyed.

In appellant's assignment of errors in this court, Clyde Gue and Louisa Gue are made appellees. This is a vacation appeal, and notice thereof was issued by the clerk of this court to both Clyde Gue and Louisa Gue as appellees. Appellee Clyde Gue has filed a motion to dismiss the appeal, on the ground that this court has no jurisdiction, in that appellee Louisa Gue was not made an appellant in the assignment of errors, and notified as an appellant. As this motion presents a jurisdictional question, it must be determined before the case can be considered on its merits.

1. 2. It is well settled that there is no common-law right of appeal in this State. That right is one granted only by statute, and must be invoked and presented in the manner and form provided by statute. In a vacation appeal, the same must be taken pursuant to §674 Burns 1908, Acts 1899 p. 5, and in order to bring the appeal within the jurisdiction of this court all coparties to the judgment or judgment defendants must be joined as appellants. If not so joined, we have no jurisdiction to

determine the case on its merits, and the appeal must be dismissed on the motion of a party or by the court on its own motion. *Brown* v. *Brown* (1907), 168 Ind. 654, 656, 80 N. E. 535; *Crist* v. *Wayne, etc., Assn.* (1898), 151 Ind. 245, 246, 51 N. E. 368; *Michigan Mut. Life Ins. Co.* v. *Frankel* (1898), 151 Ind. 534, 539, 10 N. E. 304; *Abshire* v. *Williamson* (1898), 149 Ind. 248, 252, 48 N. E. 1027. If all coparties to the judgment below are not made appellants on appeal, there is no compliance with the requirements of the statute; and making any of such coparties appellees is no better than not making them parties at all. *Gregory* v. *Smith* (1894), 139 Ind. 48, 53, 38 N. E. 395; *Lee* v. *Mozingo* (1896), 143 Ind. 667, 671, 41 N. E. 454. There can be but one appeal from the same judgment, and as all parties affected by the judgment have a right of appeal, the persons against whom the judgment is rendered must be made parties to the appeal as coappellants; otherwise no jurisdiction is conferred on the appellate tribunal. *Vordermark* v. *Wilkinson* (1895), 142 Ind. 142, 147, 34 N. E. 441; *Benbow* v. *Garrard* (1894), 139 Ind. 571, 573, 39 N. E. 162; Elliott, App. Proc. §144. By the term coparties, as used in

3. §674, *supra,* is meant coparties to the judgment, or all the parties against whom the judgment is rendered. *Gregory* v. *Smith, supra; Benbow* v. *Garrard, supra; Hadley* · v. *Hill* (1881), 73 Ind. 442. A defendant against whom a judgment is rendered on default has a right to appeal, without seeking to set aside the default, and may present for review the sufficiency of the facts stated in the complaint to constitute a cause of action against him and the jurisdiction of the court. *Lee* v. *Mozingo, supra; Wilcox* v. *Monday* (1882), 83 Ind. 335.

It has been held that in an action against an insurance company and another claiming the proceeds of a policy as against the plaintiff, where the insurance company filed an interpleader asking an order to pay the full amount into court and be discharged from further liability, and where

an order was made, the money paid in as directed, and a general judgment rendered, the insurance company was a necessary party to the appeal, as there was no judgment for costs in its favor on the interpleader. *Holderman* v. *Wood* (1905), 34 Ind. App. 519, 522, 73 N. E. 199.

Few questions have been more fully considered by our appellate courts than the one presented by this motion. In addition to the authorities cited in support of the principles herein announced, we call attention to the following: *Haymaker* v. *Schneck* (1903), 160 Ind. 443, 67 N. E. 181; *Smith* v. *Fairfield* (1901), 157 Ind. 491, 493, 61 N. E. 560; *Owen* v. *Dresbach* (1900), 154 Ind. 392, 394, 56 N. E. 22, 56 N. E. 848; *McKee* v. *Root* (1899), 153 Ind. 314, 54 N. E. 802; *Stults* v. *Gibler* (1897), 146 Ind. 501, 45 N. E. 340; *Roach* v. *Baker* (1896), 145 Ind. 330, 43 N. E. 932, 44 N. E. 303; *Midland R. Co.* v. *St. Clair* (1896), 144 Ind. 363, 42 N. E. 214; *Denke-Walter* v. *Loeper* (1895), 142 Ind. 657, 42 N. E. 358; *Lilly* v. *Somerville* (1895), 142 Ind. 298, 40 N. E. 1088; *Inman* v. *Vogel* (1895), 141 Ind. 138, 40 N. E. 665; *Wood* v. *Clites* (1895), 140 Ind. 472, 474, 39 N. E. 160; *Bozeman* v. *Kale* (1894), 139 Ind. 187, 35 N. E. 828; *Gourley* v. *Embree* (1894), 137 Ind. 82, 36 N. E. 846; *Hutls* v. *Martin* (1892), 131 Ind. 1, 30 N. E. 698, 31 Am. St. 412; *Burns* v. *Trustees, etc.* (1903), 31 Ind. App. 640, 68 N. E. 915; *Sohl* v. *Evans* (1902), 29 Ind. App. 634, 62 N. E. 84; *Everett* v. *Fouts* (1901), 26 Ind. App. 658, 60 N. E. 454; *Paxton* v. *Tyler* (1898), 20 Ind. App. 455, 50 N. E. 45; *Parry* v. *Botkin* (1896), 15 Ind. App. 83, 42 N. E. 964; *Walsh* v. *Brockway* (1895), 13 Ind. App. 70, 40 N. E. 29, 41 N. E. 76.

Louisa Gue is shown by the policy of insurance to have had an interest in the property destroyed, and therefore an interest in any recovery on said policy. It is true, the complaint alleged that she had no interest in the property destroyed, and her answer admitted this averment, but to establish this fact and require the insur-

4.

ance company to pay the whole recovery to plaintiff, Louisa Gue was a necessary party defendant in the court below. There was no judgment rendered in her favor in that court. The judgment was against her, from which she had at least a right of appeal. Whether she desired to appeal or not is immaterial. That she could or could not successfully prosecute an appeal, if taken, is likewise immaterial. We are not here concerned about the merits of the case. We are dealing only with the legal status of the parties. Louisa Gue was a judgment defendant in the court below, and, therefore, a necessary party appellant on appeal. Failure to make her such party in the assignment of errors and bring her in by notice are such omissions as to give this court no jurisdiction.

The appeal is therefore dismissed.

Note.—Reported in 98 N. E. 147. See, also, under (1) 2 Cyc. 517; (2) 2 Cyc. 758; (3) 2 Cyc. 864; (4) 2 Cyc. 785; 3 Cyc. 185.