SECURITY UNDERWRITERS, INCORPORATED, *v.* WORLEY
ET AL.

[No. 13,386. Appeal dismissed February 13, 1929. Appellant's
motion to reinstate denied March 6, 1929. Petition
to transfer dismissed May 7, 1929.]

*Jackiel W. Joseph* and *Henley & Titsworth*, for appellant.

*Noel, Hickam, Boyd & Armstrong*, for appellees.

PER CURIAM.—On February 13, 1929, we sustained a motion interposed by the appellee Worley, and dis-

missed this appeal. The appellant has filed its motion to set aside this order and to reinstate this cause upon our docket, insisting that we erred in entering the said order of dismissal. Counsel for appellant have presented the matter with such earnestness that we feel that they are entitled to fully know our reason for entering the above order.

A full understanding of this case and of the order entered requires a statement of the controlling facts involved, which are as follows: The appellant issued to appellee Worley its policy of insurance, covering loss by fire, on a certain automobile designated as a "Studebaker bus," which bus was destroyed by fire, within the life of the policy. On March 20, 1926, one Charles F. Campbell, "receiver for the I. U. Bus Company, Incorporated," filed his complaint against the appellant, seeking to recover upon said policy of insurance, and in his said complaint alleged that said Worley had sold, assigned and transferred to said bus company, all of his right, title and interest in and to said bus, that it had been destroyed by fire, and that Worley had no interest in said policy of insurance. Worley, and also W. O. Springer and Ralph Springer, partners doing business as "Springer and Sons," were named as defendants to said action and required to answer as to any interest claimed.

To this complaint Worley filed an answer in which he denied that he had sold, assigned or transferred his interest in said bus to the I. U. Bus Company, as alleged, and also denied that he had sold any interest in said bus to said bus company. This answer by Worley was met by a reply in denial by said plaintiff.

Worley also filed a cross-complaint, making defendants thereto the appellant herein, said Campbell as receiver, and said Springers. By his cross-complaint, he sought a recovery against appellant upon said policy

of insurance as being the owner of said bus at the time it was destroyed.

The said Campbell and the Springers were required to answer as to any interest claimed by either of them in and to said policy of insurance. Charles F. Campbell, as receiver, filed his answer to this cross-complaint, as did also the Springers and the appellant herein.

Subsequent to the filing of said cross-complaint, the appellant herein filed its demurrer to the complaint filed by said Campbell, as receiver, and this demurrer was sustained, and said plaintiff, refusing to further plead, his said complaint was, on motion of appellant herein, dismissed. The cause then proceeded to trial upon the issues made by the said cross-complaint and the several answers thereto. The trial resulted in a verdict in favor of the cross-complainant, upon the issues made upon his cross-complaint, upon which verdict judgment was duly rendered.

From this judgment, the appellant has attempted to prosecute a vacation appeal, but has named as appellees herein the said Worley and said Springers only, and to them only has any notice been given of this appeal. The said Springers and the said Campbell, as receiver, all occupied similar situations as regards this suit; they were made parties defendant to said cross-complaint to answer as to their claimed interest; the verdict was against both of said parties, as was also the judgment, yet, for some reason, the Springers were named as parties to this appeal, and thereby given an opportunity to assign error and possibly procure a reversal, but Campbell, as receiver, was given no such opportunity.

As was said in *Continental Ins. Co.* v. *Gue* (1912), 51 Ind. App. 232, 98 N. E. 147, there can be but one appeal from the same judgment. The law abhors litigation, and will not suffer parties affected by a single judgment to prosecute appeals therefrom severally. Campbell,

the original plaintiff, was asserting ownership of said policy, both as against the appellant herein and all the other parties. A demurrer was sustained to his complaint, and the same was, by the court, dismissed. This action of the trial court he had a *right* to have reviewed upon appeal, as well as the action of the court upon the final trial. He had an appealable interest in the case, and to prevent a multiplicity of appeals, should have been made a party to this appeal and thereby given an opportunity to assert any right claimed—any prejudicial action of the lower court.

The motion to set aside order of dismissal and to reinstate appeal is denied.